# Weems *v.* Roberts.

*Bill in Equity to have Absolute deed declared Mortgage, for*
*Redemption, and for Injunction of Proceedings at Law.*

1. *Answer under oath to bill in equity; sufficiency of affidavit.*—Where
an answer to a bill in equity, exclusive of what is stated on informa-
tion and belief, contains unequivocal denials of the allegations upon
which the equity of the bill rests, the affidavit of the defendant that
"the facts stated in the foregoing answer are true," sufficiently shows
that the responsive allegations of the answer are sworn to as true.

2. *Dissolution of injunction on answer.*—Where a bill in equity to
have an absolutee deed to land declared a mortgage, for redemption,
and to enjoin the further prosecution of an action of unlawful de-
tainer, does not show that the complainant can not, without the aid
of the injunction, obtain full redress for any wrong he may suffer at
the hands of the defendant, or that the injunction is necessary for
his protection in the event of his success in the suit, it is proper
to dissolve a preliminary injunction on the denials in an answer
under oath of the allegations on which the right to an injunction
rests, though the complainant, in the legal proceedings which are
sought to be enjoined, has given the bond required by the statute to
entitle him to retain possession pending an appeal from the judgment
against him.

APPEAL from the Chancery Court of Cherokee.

Heard before the Hon. S. K. MCSPADDEN.

The bill in this case was filed January 11, 1892, by the ap-
pellant, Asa Weems, against the appellees, Pace W. Roberts
and John McGorgan; and prayed that a conveyance made
by the complainant to said McGorgan, which was in form an
absolute deed, be declared a mortgage, and that the com-
plainant be allowed to redeem. The bill alleged that said
McGorgan had transferred his claim against the complainant
to said Roberts, and had executed a quit-claim deed to him
covering the land in question. It was alleged in an amend-
ment to the bill that said Roberts had brought an action of
unlawful detainer against the complainant in a justice's
court, and obtained judgment therein for said land; that
said suit was then pending in the Circuit Court, the com-
plainant herein having taken an appeal from the judgment
of the justice of the peace, upon giving a good and sufficient
appeal bond; and the complainant prayed that said Roberts
be restrained and enjoined from proceeding further with his
said suit for unlawful detainer; and that, upon the final

[Weems v. Roberts.]

hearing of this cause, the injunction be made perpetual. A preliminary injunction was granted on the filing of said amendment. Each of the defendants answered under oath the bill as amended, and moved to dissolve the injunction on the denials of the answers. This motion was granted. The complainant appeals, and now assigns as error the decree dissolving the injunction.

SAVAGE & COLEMAN, for appellant.

J. L. BURNETT, contra.

WALKER, J.—All claim of the complainant in this case to equitable relief rests upon the allegations of the bill to the effect that his conveyance to McGorgan, which upon its face is an absolute, unconditional deed, was really given as a mere security for a debt, and was intended by the parties to operate as a mortgage. If such was the case, the complainant is entitled to have the instrument declared a mortgage, and to redeem as mortgagor.—*Mitchell v. Wellman*, 80 Ala. 16; *Turner v. Wilkinson*, 72 Ala. 861. But, if the transaction between the complainant and McGorgan was, as the conveyance on its face expresses, an absolute, unconditional sale, the whole case alleged in the bill falls to the ground. Of course, there can be no redemption from an absolute sale, and, if the complainant does not occupy the position of a mortgagor, he is without any standing in equity to complain of the proceedings at law instituted by Roberts, the legal owner, to recover possession of the land.

The alleged agreement and understanding of the parties that the instrument should operate merely as the security for a debt constitutes the foundation equity of the bill. The sworn answers, made by parties having knowledge of the facts, exclusive of what is stated on information and belief, contain unequivocal denials of the allegations upon which this equity of the bill rests. These denials are statements, upon knowledge, of matters of fact. In the affidavits of the two defendants to their respective answers, they swear that "the facts stated in the foregoing answer are true." This amounts to an explicit statement that the denials express the truth of the matter. There is no merit in the objection that the affidavits do not sufficiently show that the responsive allegations of the answers are sworn to as true.

The general rule is that when the sworn answer contains a full and complete denial of the allegations on which the right to an injunction rests, the injunction should be dis-

[Weems v. Roberts.]

solved on the denials of the answer. If, however, it can be seen that the dissolution of the injunction may involve irreparable mischief to the complainant; or that, in the event of the complainant maintaining the truth of his version of the matter in controversy, he will have been subjected to greater injustice or inconvenience by the dissolution of the injunction before a final hearing, than the defendant could be exposed to by a continuance of the writ; or that there is a special propriety, in the peculiar circumstances of the case, in maintaining the *status quo* between the parties until the dispute between them can be finally determined on the evidence;—then the court may, in the exercise of the discretion with which it is vested in such matters, retain the injunction until a final hearing can be had on the merits.—*Harrison v. Yerby*, 87 Ala. 185; 3 Brick. Dig. p. 352, §§ 308 *et seq.* There are no circumstances in the present case to justify a departure from the general rule. The bill does not allege the insolvency of either of the defendants. There is nothing to show that the complainant can not obtain, without the aid of the extraordinary remedy afforded by the writ of injunction, full redress for any wrong he may suffer at the hands of either of the defendants. It does not appear that the retention of the temporary injunction is necessary for his protection, in the event of his success in the suit. It was, therefore, proper to dissolve the injunction on the denials of the answer.

The circumstance that the complainant, in the legal proceedings which are sought to be enjoined, has given the bond required by the statute to entitle him to retain possession pending an appeal from the judgment against him, (Code, § 3401), does not help out his case, if the facts constituting the foundation of his claim to equitable relief are not sustained. The existence of that bond is not one of the facts · upon which the right of an injunction rests, and the circumstance that it was given cuts no figure in the consideration of the question of retaining or dissolving the injunction.

Affirmed.