# Southern Railway Co. *v.* Hood *et al.*

*Bill in Equity to enjoin Ejectment Suit.*

1. *Equitable estoppel; when owner of lands estopped from maintaining ejectment for a right of way by a railroad; rights of owner.*—When the owner of land has knowledge of the fact that a railroad company is proceeding to locate and construct its road on its lands, and allows it to expend large sums of money for this purpose, without forbidding it to proceed, he is estopped from evicting said railroad by ejectment; and there only remains to the owner a right of compensation for the lands so used and occupied.

2. *Injunction; railroad company can not enjoin ejectment for right of way which has not been paid for, without offering to compensate the owners.*—Where a right of way for a railVOL. 126.

road has not been acquired by the railroad company, either by valid conveyance or under condemnation proceedings for such purpose, a railroad company can not maintain a bill to enjoin an action of ejectment brought against it by the owners of the land over which the road was constructed, without offering in the bill to do equity by paying compensation for the lands so used for a right of way; and this principle obtains although the owners of the land may have had knowledge of the location and construction of the railroad company's track across its lands and allowed it to expend large sums of money for the purpose, without interference.

3.  *Same; fact that bill is filed by successor to the company that constructed the right of way immaterial.*—In such a case, the necessity for offering to do equity by the complaining railroad is not removed by the fact, that the complainant in the bill so filed was the grantee or successor of the company which first took the land for a right of way, when it is shown that said company had succeeded to the rights of the company which built the road and was, at the time of the institution of the suit, in possession of such right of way and operating the road.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. R. B. KELLY.

The bill in this case was filed by the Southern Railway Company against the appellees, several of whom were minors. The bill averred substantially the following facts: That in 1887 the Rome & Decatur Railroad Company entered upon certain lands specifically described in the bill, alleged to be the property of the defendants, and built its railroad across said lands, occupying a strip of land fifty feet on each side from the center of said track; that the respondents, with knowledge of the facts that the Rome & Decatur Railroad Railroad Company was proceeding to locate and construct its railroad over said land, stood by and allowed it to expend large sums of money in the location and construction thereof; that complainant is the legal successor in interest of said Rome & Decatur Railroad Company, and that since said road was built, complain-

ant and its predecessors in ownership, have spent large sums of money "in improving, repairing and keeping up said roadbed and right-of-way, which was necessary for the conduct of its business"; that complainant is compelled to have the use of said strip in order to maintain and operate its railroad; that from the completion of said railroad in 1887, the complainant and those under whom it claims, have constantly operated said railroad, transporting freight, passengers and the United States mail, "and that during all of said time the respondents, though knowing of said operation, and maintenance of said railroad over said land, and the constant expenditure of money on improvements, and repairs on the same by orator and those under whom it claims, yet have never protested against the same, until the fourth day of November, 1896, when they brought an action of ejectment against orator for the recovery of said land." It was further averred in the bill that if the respondent should be permitted to prosecute said action of ejectment and recover said lands, the result would be the stopping of the operation of its railroad, and would work irreparable injury to the complainant.

The prayer of the bill was for an injunction restraining the respondent from the further prosecution of the action of ejectment. The respondents demurred to the bill upon the following grounds: 1. The bill does not show that any compensation was paid for the lands. 2. The bill shows that the lands were appropriated without paying any compensation to the owners, or instituting any proceedings to condemn the lands. 3. The bill shows the lands were wrongfully and unlawfully entered on and held against the owners. 4. The bill contains no offer to do equity by paying just compensation for the lands. 5. The bill contains no offer to do equity.

Upon the submission of the cause upon these demurrers, the chancellor rendered a decree sustaining them. From this decree the complainant appeals, and assigns the rendition thereof as error.

BURNETT, HOOD & MURPHY, for appellant, cited *L. & N. R. R. Co. v. A. G. S. R. R. Co.*, 102 Ala. 236; *Cowan*

*v. Southern Ry. Co.*, 118 Ala. 554; *N. Pac. R. R. Co. v. Smith*, 18 Sup. Ct. Rep., 797; 4 Rapelje & Mack's Dig., 847, §§ 1016, 1017, 1018.

DORTCH & MARTIN, *contra,* cited *S. & N. A. R. R. Co. v. A. G. S. R. R. Co.*, 102 Ala. 236; *Cowan v. Southern Ry. Co.*, 118 Ala., 554; *Sherry v. Brown*, 66 Ala., 52; *Lee v. Lee,* 55 Ala. 601; *Rogers v. Torbut,* 58 Ala. 523.

HARALSON, J.—Article I, section 24 of the State constitution provides that "private property shall not be taken or applied for public use, unless just compensation be first made therefore; nor shall private property be taken for private use, or for the use of corporations other than municipal, without the consent of the owner; *provided,* however, that the general assembly may, by law, secure to persons or corporations the right of way over the lands of other persons or corporations, and by general laws provide for and regulate the exercise by persons and corporations of the rights herein reserved; but just compensation shall, in all cases, be first made to the owner."

Article XIV, section 7, again, on the same subject, provides that "municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for the property taken, injured or destroyed by the construction or enlargement of its works, highways or improvements, which compensation shall be paid before such taking, injury or destruction."

Agreeably with the provisions of the constitution on the subject, the General Assembly long ago enacted legislation for the condemnation of the lands of another by a "corporation organized under the laws of this State, or any person, or association of persons, proposing to take lands, or to acquire an interest, or easement therein, for any uses, for which private property may be taken."—Code, § 1712 *et seq.* The corporation, person or persons proposing to take the lands of another for such uses, must become the mover or movers in any condemnation proceeding thus authorized. No provision is made for the owner of the land to initiate any such

proceeding; and at law he cannot compel the payment of compensation for his property before it is taken injured or destroyed. Falling back upon his constitutional rights, however, if his property has been taken, injured or destroyed, without his consent, he may treat the intruder as a trespasser, and bring an action of trespass or an action of ejectment against him, or enjoin him by bill in equity from such unlawful interference, until just compensation has been ascertained and paid. *Jones v. N. O. & S. R. R. Co. & Imp. Asso.*, 70 Ala. 227; s. c., 68 Ala. 48; *H. A. & B. R. R. Co. v. Matthews*, 99 Ala. 27. Discussing the same principle in another connection we held that "whenever any person, corporation, or authority, vested with the power of eminent domain, undertakes to exercise such power, by appropriating private property to its own use or benefit, without first complying with the constitution, a court of equity has jurisdiction to enjoin such undertaking, until compensation has been first paid to the owner, his title or interest being admitted or clear, and that, without regard to any questions of irreparable injury."—*B. T. Co. v. B. R. & E. Co.*, 119 Ala. 129; s. c. 119 Ala. 137.

These well recognized principles are in no sense qualified or shaded by that other doctrine so well settled in this court, and in others, that while a railroad company has no right to enter upon and take possession of the lands of another,—without his consent or without having made just compensation therefor in proceedings for the condemnation of the land,—does enter and construct its track thereon, and the owner has knowledge that the company is proceeding to locate and construct its road on his land, and allows him to do so, and allows him to expend large sums of money on improvements for such purpose, he will be estopped from ousting the company by ejectment, if the company is willing to then make just compensation, such as its taking involved. While this is clear, it works no estoppel against the owner from claiming just compensation. Nothing short of an acquiescence in an adverse, hostile possession of sufficient duration to toll the entry, will

bar such a claim.—*S. & N. A. R. R. Co. v. A. G. S. R. R. Co.*, 102 Ala. 236; *Cowan v. S. R. Co.*, 118 Ala. 554; *Thornton v. Sheffield*, 84 Ala. 114; *E. & W. R. Co. v. E. T. V. & G. R. Co.*, 75 Ala. 280.

The trespass in this case, as shown, was made in the beginning, by the *Rome & Decatur Railroad Co.*, which entered on the land of respondents, some of whom were and are infants, and constructed and operated its road. This company went into the hands of a receiver, who sold the road under orders of court, and the East Tenn. Va. & Ga. Railroad Company purchased, went into possession and operated the same, until it, also, went into the hands of a receiver, who sold under orders of court, when the complainant company purchased, went into and has continued since in possession, and is now, as owner, operating the road, carrying freight, passengers and the United States mails. It is not shown that either of these companies ever paid anything for the right of way over respondents' land, nor did either ever institute proceedings under the statute to condemn said land to the uses of said companies or either of them. Under these conditions, respondents have instituted their action in ejectment in the law court to recover the possession of their property. There is no pretense that they are not the owners of the fee in the land sued for, nor is there any that they have ever been compensated therefor. It is urged, however, as a basis for the equities of the bill, that respondents ought not to be allowed to eject complainant, since by their failure to assert their rights, they have allowed complainant and the public as well to acquire rights, which a court of equity will not allow to be impaired. It is a bill which asserts an equity and seeks to have it declared. In all such cases, the maxim is of special application, that he who seeks equity must offer to do equity, and thereby give the court jurisdiction to decree against him and in favor of his adversary, so far as equity may require it.—*Micou v. Ashurst*, 55 Ala. 607, 611; *A. F. L. M. Co. v. Sewell*, 92 Ala. 163, 169; *Grider v. A. F. L. M. Co.*, 99 Ala. 281; *Giddens v. Bollings, Ib.* 319. The defendants in the cause being the owners of the title, as the bill seems to concede, might

have filed their bill for compensation, and it would have been sustained and made effective, if necessary, by injunction against the further operation of the road until defendants' damages were properly ascertained and paid, or until the company obtained the right of way in legal form.—*Thornton v. S. & B. R. Co. supra; Cowan v. S. R. Co. supra.* This privilege, however, did not prevent their bringing their action for the recovery of the land, which they were entitled to prosecute to judgment and the dispossession of complainant, unless it pays just compensation. This is the only principle on which a court of equity can consistently with its long established rules of procedure, entertain the suggestion of equity in a bill of this character. Without offering to do so, complainant seeks a large equity on its side, and denies a small one to its adversaries, though the right of respondents find protection in the constitution of the State. The entertainment of such a bill properly filed, furnishes an illustration of the adaptive powers of a court of equity to meet the new and varied necessities and exigencies of society and the trade and commerce of the country. All equities, of whatever character, may be balanced and settled between contending parties, on the golden rules of the court, that he who seeks equity at its hands, must appear with clean hands, and offer to do equity to his adversary. Without the application of such rules to this case, the constitution shielding the defendants against the taking of their property would be subverted, and a cardinal principle of equity set aside. Having acquired jurisdiction of such a case on proper bill filed, the court has adequate power to ascertain and decree the amount to be paid as damages. *First Nat. Bank of Gadsden v. Thompson,* 116 Ala. 166.

The contention that the complainant as successor to the Rome & Decatur Railroad Co. is not liable, as was the original company, to pay the compensation to which respondents may be entitled, is entirely wanting in merit.—*Cowan v. S. R. Co., supra.*

Affirmed.