# Simonson *et al.* v. Cain *et al.*

## *Bill in Equity for Injunction.*

1. *Bill for injunction; when not rendered multifarious by amend-
   ments.*—In an ariginal bill the complainants allege that they
   owned lands along a part of and over a part of a bay which
   was shallow and non-navigable; that they had planted oysters
   in a part of the bay; that defendant had trespassed upon
   their oyster bed by passing over it with boats, thereby press-
   ing the oysters into the mud and causing an irreparable dam-
   age, and that defendant had threatened to continue said con-
   duct. The prayer of the bill was for an injunction to prevent
   the continuance of the trespass complained of. The bill was
   three times amended. The first amendment, after describing
   the bay, alleged that defendant, before the bill was filed,
   told one of the complainants that he intended to plant oys-
   ters in the bay and carry them in boats over complainant's
   oyster bed, and that defendant was insolvent. The second

amendment alleged that it was practicable to establish a passageway through the water of the bay, and prayed that in the event of the denial of the relief prayed for in the original bill, that defendant's boat passage be confined to a way to be marked out under the orders of the court.    By the third amendment it was averred that after the second amendment, for the purpose of saving delay and expense, complainants and defendant had marked out a passage way for boats to cross the complainant's oyster bed, whereby reference to the register for the purpose of marking out a way was rendered unnecessary.  *Held*: That there was no repugnancy or inconsistency in the original bill and its several amendments, and that the bill was not multifarious.

2.  *Equity pleading; effect of sworn answer.*—A sworn answer to a bill in equity retains its character as such to so much of the bill as it responds to, although the bill may be amended subsequently to the filing of the answer, and where such subsequent amendment sets up no new case, nor avers facts requiring additional answer, the answers previously filed were available as sworn denials of the averments of the amended bill on a motion to dissolve and the temporary injunction issued at the filing of the bill, without further oath or verification.

3.  *Injunction; when properly dissolved on denials of the answer.* When upon the filing of a bill in equity asking for an injunction, a temporary injunction is issued and defendant files a sworn answer which denies the material averments of the bill both as originally filed and as amended, it is proper for the court to dissolve the injunction upon the denials of such sworn answer.

APPEAL from the Chancery Court of Mobile.

Tried before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellants against the appellees.   The prayer of the bill and the facts relating to the amendments thereof and to the sworn denials of the answer, are sufficiently stated in the opinion.

The respondent demurred to the bill as amended upon the following grounds: "That the bill is multifarious in that the relief prayed in the alternative is inconsistent and the relief prayed in either alternative is not the same."   The respondent also moved to dissolve the injunction upon the sworn denials of the answer and because of the want of equity in the bill.

On the submission of the case upon the demurrer and

[Simonson *et al.* v. Cain *et al.*]

motion to dissolve injunction, the chancellor rendered a decree sustaining the demurrer and granting the motion and ordering the injunction dissolved. From this decree the complainant appeals and assigns the rendition thereof as error.

CHARLES L. BROMBERG, JR., for appellants.—The bill in this case was not rendered multifarious by the several amendments thereto.—*Hall & Farley v. Henderson*, 126 Ala. 449; *Hall & Farley v. Henderson*, 114 Ala. 601; *Allen, Admr. et al. v. Gaylor*, 120 Ala. 251; *Lyon et al. v. Dees*, 101 Ala. 700; *Faulk et al. v. Galloway*, 123 Ala. 330-1; *Lyons v. McCurdy*, 90 Ala. 501; *Staton et al. v. Rising*, 103 Ala. 454; *Lebeck v. Fort Wayne Bank et al.*, 115 Ala. 447; *Florence G. F. L. & P. Co. v. Hanby*, 101 Ala. 15.

The denials of the answer were not sufficient to authorize the dissolution of the injunction.—*Mobile & Montgomery R. R. Co. v. Ala. Mid. Ry. Co.*, 123 Ala. 145; *Mabel Mining Co. v. Pearson C. & I. Co.*, 121 Ala. 567; *Henry v. Watson*, 101 Ala. 337; *Cartwright v. Bamberger, Bloom & Co.*, 90 Ala. 410; *Planters & M. Bank v. Lauchcimer & Sons*, 102 Ala. 454; *Scholze v. Steiner*, 100 Ala. 148; *New England Mort. & Sec. Co. v. Powell*, 97 Ala. 483; *Harrison v. Yerby*, 87 Ala. 185.

ERVIN & MCALEER, *contra.*—The amendments to the bill and the prayer were inconsistent with the bill as originally filed and the relief sought thereunder. The demurrer for multifariousness should have been sustained.—*Micou v. Ashurst*, 65 Ala. 612; *Park v. Lide*, 90 Ala. 251.

The dissolution of the injunction was not erroneous. *Long v. Brown*, 4 Ala. 622; *Barnard v. Davis*, 54 Ala. 565.

SHARPE, J.—As first filed the bill in this case alleged in substance that complainants own land along a part of and under a part of "Little Bay," and have planted oysters in part of the bay; that the water of the bay is shallow and non-navigable; that defendant has trespassed their oyster bed by passing boats over it, thereby

pressing oysters into the mud and causing irreparable damage, and that he has threatened to continue such conduct. The prayer was for an injunction to prevent such continuance. The bill was three times amended. The first amendment further describes the bay and alleges that defendant had, before the bill was filed, told one of complainants he intended to plant oysters and to carry them in boats over complainants' beds, and that he is insolvent. The second alleges the practicability of a boat-way through the water and mud of the bay, and prays, as relief, to be awarded in the event of a denial of the relief first prayed, that defendant's boat passage be confined to a way to be marked under orders of the court. The third amendment consists of a statement to effect that since the second amendment, and to save delay and expense, complainants and defendant have marked a passage way across the oyster bed whereby a reference to the register for the purpose of marking a way was rendered unnecessary. We do not interpret this amendment as showing that the way has been conventionally established or that defendant's right to pass along that way is conceded or that the bill in either its first aspect or in the aspect by which the establishment of a way is alternatively averred has been abandoned. Its effect is merely to show a marking out of a way to be effective only if ultimately the decree is for relief under the alternative prayer, and to render superfluous that part of the prayer which calls for the making of a way under directions of the court. There is no repugnancy or inconsistency as between the averments on which the prayers are based, or as between the relief sought in the first and that sought in the second aspect of the bill. The case made looks to the exclusion of defendant's boats from the entire oyster bed and, second, to the exclusion of the boats from part of the bed, namely, all except along a particular route. The bill is single in its main object which is the prevention of damage to that bed, and is thus seen to be free from the objection of multifariousness which is the only objection raised by the demurrer. The decree in so far as it sustained the demurrer is erroneous and must be reversed.

[Kennedy v. Birmingham Railway, Light & Power Co.]

A sworn answer retains its character as a sworn answer to so much of the bill as it responds to, though the bill may have been amended subsequent to the filing of the answer. To this bill as first filed there is a sworn answer and to the bill as it stood when amended the second time there is a further sworn answer. The last amendment set up no new case, or fact requiring answer, and, therefore, the answers were as sworn denials of the amended bill averments available on the motion to dissolve the injunction, without further oath or verification.—10 Encyc. Pl. & Pr. 1054.

By his answers defendant sets up a right in himself, such as is given by statute (Code, § 3155), to plant oysters along lands he has leased along the bay, and avers that the bay is a navigable arm of Mississippi Sound. He admits declaring an intention to plant oysters, and that he has gone in and out of the bay in a proper manners. The answer, however, in substance denies that defendant has trespassed on or injured, or threatened to damage complainants' beds, and denies that defendant is insolvent. These denials are in form specific and together with the averments of the answer which amount to denials of what complainants allege concerning the depth of water in the bay, directly meet and contradict allegations in the bill without which it would lack equity. They are, irrespective of all new matter in the answer, sufficient to uphold the decree in that part, which sustained the motion to dissolve the injunction, anything contained in the opposing affidavits notwithstanding. The decree will in that part be affirmed.

Affirmed in part, and in part reversed and remanded.