[Mobile & Western Railway Co., et. al. v. Fowler River Lumber Co.]

# Mobile & Western Railway Co., et al., v. Fowl River Lumber Co.

## Bill to Enjoin Use of Right of Way Until Compensation Made.

(Decided July 2, 1907.   44 South. 471.)

1. *Eminent Domain; Injunction; Payment of Damages.*—A railroad company which has appropriated land for a right of way without condemnation proceedings and without payment therefor may be enjoined from operating over said right of way until it is properly condemned and payment made therefor.

2. *Same; When and to Whom Compensation Accrues.*—When ·a right of way is taken without condemnation proceedings or payment therefor, the right of compensation for damages accrues at once to the owner of the land but does not pass to subsequent purchasers.

3. *Injunction; Dissolution on Answer.*—Where the sworn answer contains a complete denial of the allegations of the bill on which the right of injunction rests, the preliminary injunction, as a general rule, should be dissolved.

4. *Same.*—A preliminary injunction should be dissolved if ·it is evident that great injury will result to the defendant by continuing the injunction and it does not appear that complainant cannot obtain redress without a resort to this extraordinary remedy, since the court will consider the effect of continuing or dissolving the injunction on the parties, respectively in determining whether such an injunction should be continued.

5. *Same; Discretion of Court.*—On a bill to enjoin the use of a right of way over lands which have not been condemned, and for which the owner has not been paid, the trial court has a large discretion respecting the issuance and maintenance of the preliminary injunction, and may retain the injunction until the final hearing of the cause, notwithstanding the answer denies the allegation of the complaint.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Fowl River Lumber Company against Mobile & Western Railway Company and others to enjoin the operation of a road over a certain right of way for which there has been no condemnation procedings nor payment

[Mobile & Western Railway Co., et. al. v. Fowler River Lumber Co.]

made. Upon the coming in of the sworn answer deny-
ing the allegations of the bill motion was made to dis-
solve the temporary injunction. This motion was denied
and respondent appeals. Modified and affirmed.

R. W. STOUTZ, and GREGORY L. & H. T. SMITH, for ap-
pellant.—Appellees have an adequate remedy at law
by ejectment.—*T. & C. R. R. Co. v. E. A. R. R. Co.*, 75
Ala. 524; *Southern Ry. Co. v. Hood,* 126 Ala. 317. When
this is true, a bill in equity will not lie to accomplish the
same purpose by injunction.—*Yellow Pine Export Co.
v. Sutherland Co.,* 144 Ala. 667. Courts will enjoin
against ousting a railroad from its right of way and will
enjoin the prosecution of ejectment suits and the like.—
*Southern Ry. Co. v. Hood, supra; Cowan v. Southern
Ry. Co.,* 118 Ala. 554. The injunction could be dissolved
as a matter of inherent power.—*Williams v. Perry,* 3 S.
& P. 284; *Conover v. Rucwman,* 32 N. J. E. 685; *An-
drews v. N. F. & P. Wks.,* 61 Fed. 790; *Edison v. U. S.
Elec. Co.,* 59 Fed. 501; 10 Ency. P. & P. 1093; 16 Ency.
of Law, 425; 22 Cyc. 983.

WLLIAM C. FITTS, for appellee.—The assignments are
not sufficient to warrant a review by this court. The ap-
peal is joint while the assignment is single without an
order of severance.—2 Cyc. 1003. The injunction was
providently granted and properly retained.—Elliott on
Railroads, 629; *Baltimore Ry. Co. v. Lee,* 75 Md. 596.
Under the facts stated in the bill an injunction will be
granted.—*Pratt v. Rooseland Co.,* 50 N. J. E. 150; *Wes-
tern R. R. Co. v. Owens,* 15 Md. 199; 4 Neb. 439; *South-
ern Ry. Co. v. Hayes,* 43 South. 487; 117 Ind. 465; 97
Mo. 457; 25 N. E. J. 384; 26 N. J. E. 216. Complainant
had three remedies, one of which he resorted to in this
case.—*Jones v. N. O. & S. R. R. Co.,* 70 Ala. 327. Until

21 R

[Mobile & Western Railway Co., et. al. v. Fowler River Lumber Co.]

the damages are properly ascertained and paid or until the road obtains the right of way in legal form, injunction may be resorted to.—*Cowan v. Southern Ry. Co.,* 118 Ala. 561; *Thornton v. S. & B. R. R. Co.,* 84 Ala. 109; *Southern Ry. Co. v. Hood,* 126 Ala. 315. Equity will restrain until the rights are adjusteed.—*McClure v. Ala. Mid. Ry. Co.,* 130 Ala. 436.

SIMPSON, J.—The bill in this case was filed by the appellee against the appellants, alleging that the appellants and their predecessors had constructed and were operating a railroad over the lands of the appellee without having condemned the right of way or compensated the owner therefor, and praying that the defendants be enjoined from operating said railroad or using said land "until it has first been legally condemned or appropriated to the use of the said defendants, as provided by the Constitution and the laws of Alabama, and until just compensation has been made therefor to this complainant." A preliminary injunction was granted, after which an answer was filed, and a motion made to dissolve the preliminary injunction, which motion was overruled; and this appeal is from the decree overruling said motion.

The sworn answer of the Union Naval Stores Company admits the construction and operation of said railroad by their predecessors and themselves, but denies that the complainant has been the owner of the land in question since December 28, 1905, and alleges, on the contrary, that complainant never acquired any interest in said land until after said railroad was built and in operation; that respondent does not know whether complainant company is the owner of the land at all, and requires proof thereof. It alleges the facts to be that the land in question was previously owned by Mann, Watson

& Co., a partnership, out of which the Robert K. Mann
Lumber Company, a corporation, was organized, of
which company said Robert K. Mann was president, and
dominating factor; that on February 6, 1906, the prop-
erty was conveyed to said coroporation, and that while
it was so owned said railroad was built, with the consent
of the president of said company; that said president
of said company caused to be organized thereaf-
ter the Fowl River Lumber Company, complainant;
that after said railroad had been constructed in
part all of the stockholders of the Robert K. Mann Lum-
ber Company, which had caused said railroad to be built,
organized the Mobile & Western Railroad Company, de-
fendant (to-wit, on September 4, 1906); that the said
stockholders -of the said lumber company each sub-
scribed for the stock in the railroad company in exact
proportion to his holdings in said lumber company; that
Robert K. Mann, who was president of said lum-
ber company, was elected by the corporators of
the railroad company president thereof, and was also
chosen as the officer to receive subscriptions to the cap-
ital stock, and as such reported under oath that the stock
subscriptions had "been paid, by the delivery of seven
miles of constructed railroad and railroad property and
equipment to the company of the full money value of 25
per cent., * * * all of which property they have
heretofore owned in common, in the same relative pro-
portions among themselves," the remainder to be paid in
money or in the completion of the railroad and its equip-
ment; and that as a matter of fact said railroad was de-
livered to said railroad company, and has since been op-
erated by it, though by inadvertence no deed has been
executed. It is further alleged that about March 1, 1906,
prior to the incorporation of said railroad company, said
Robert K. Mann and associates caused to be organized
another corporation, named the "Mann Lumber Com-

pany," said Robert K. Mann being president of both companies, and one Atwood being vice president, secretary, and general manager of both, and the stock in said company and in said railroad company being held by the same persons, in the same proportion; that said Mann Lumber Company was afterwards adjudicated a bankrupt, and by sale through the receiver in said court, on April 4, 1907, the Union Naval Stores Company (a corporation) became the owner of all the stock of said railroad company; that in said sale the receiver agreed to pay all the liabilities of said railroad company, and executed a conveyance of the property of said railroad company to said Union Naval Stores Company. The bill further alleges that, whether said receiver had or had not the right to convey the legal title to said property, yet the said Union Naval Stores Company became the dominating factor of said railroad company, which has continued to be operated as a separate corporation, and which is now carrying on the business of a common carrier by means of said railroad, the tracks and terminals of which are absolutely indispensable to the conduct of said business. It alleges, also, that said Union Naval Stores Company acquired its rights only on April 4, 1907, and admits the building of the railroad terminals, but all "before complainant acquired any rights therein," and with the knowledge and consent of the then owners of the land. It is further alleged that said Union Naval Stores Company and the Mobile & Western Railroad Company are both perfectly solvent, and that, if necessary, the defendants are willing to execute an indemnity bond amply securing any damages which may be adjudged against them, but that said Union Naval Stores Company is the owner of large tracts of timber land, with the timber down on the ground, which it is having sawed up and getting to market over sail rail-

road, and that to stop the operation of said railroad by injunction would result in irreparable and great damage to said respondent. The defendant Mobile & Western Railroad Company adopts said answer for itself.

It is settled in this state that a railroad company, which has appropriated lands for a right of way without condemnation or payment therefor, may be enjoined from operating its road until condemnation and payment.—*Thornton v. Sheffield & Birmingham R. R. Co.*, 84 Ala. 109, 114, 4 South. 197, 5 Am. St. Rep. 337; *Southern Ry. Co. v. Hood, et al.*, 126 Ala. 313, 28 South. 662, 85 Am. St. Rep. 32; *Cowan v. Southern Ry. Co.*, 118 Ala. 554, 561, 23 South. 754. It is also settled that, when a right of way is so taken, the right to compensation for damages accrues at once to the owner of the land taken, and does not pass to a subsequent purchaser of the land. —Lewis on Eminent Domain (2d Ed.) § 653b; Mills on Eminent Domain, § 66; Elliott on R. R. p. 1449, § 1000; *Birmingham Belt R. R. Co. v. Lockwood*, 150 Ala. 610, 43 South. 819, and cases cited. It will be noticed that the answer in this case not only denies the ownership of the complainant at the time of the taking of the right of way, but also goes into details as to the organization of the various corporations which have owned said lands and built said railroad, which facts, if true, show that the railroad was at least built with the consent of the then owner of the land, and that, if any one is entitled to compensation for said right of way, it is not this complainant. It will be noticed, also, that there is no allegation in the bill of insolvency of defendants, and, on the contrary, that the answer states they are perfectly solvent, and that, while the continuance of the preliminary injunction would work irreparable injury to the respondents, the interests of the complainant would not be at all

placed in jeopardy by dissolving the injunction and awaiting the determination of the equities of the parties by the final decree in the case. It is a "general rule that, when the sworn answer contains a full and complete denial of the allegations on which the right to an injunction rests, the injunction should be dissolved." It is also true that, in determining whether a preliminary injunction should be continued, the court will take into consideration the effect of continuing or dissolving the injunction on the parties, respectively, and if it is evident that great injury will result to the defendant by the continuing of the injunction, and there is nothing to show that the complainant cannot obtain redress without resort to this extraordinary remedy, the injunction should be dissolved.—*Weems v. Roberts,* 96 Ala. 378-380, 11 South. 434; *Turner v. Stephens,* 106 Ala. 546-549, 17 South. 706; *Mobile & Montgomery Ry. Co. v. Alabama Midland Ry. Co.,* 116 Ala. 52, 67, 23 South. 57; *Simonson v. Cain,* 138 Ala. 221, 34 South. 1019. But in this class of cases the rule "is more flexible, yielding more to the particular circumstances, and the chancellor has a large discretion, and, notwithstanding the denial of the answer, may retain the injunction, until the final hearing of the cause" (*Niehaus & Co., et al. v. Cooke,* 134 Ala. 228, 229, 32 South. 728), or may make the dissolution conditional (*Columbus & Western Railway Company v. Witherow,* 82 Ala. 190, 3 South. 23).

The decree of the chancellor will be here modified, so as to provide that upon the execution by the respondents of a sufficient bond, to be approved by the chancellor (who will fix the amount), to secure the payment of such damages as may be finally adjudged against respondents, the injunction will be dissolved. The costs of

[Eck, et al. v. Tate.]

this appeal will be divided equally between appellants and appellee.

Modified and affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.