(86 South. 20)

## PATTERSON et al. v. ATLANTIC COAST LINE R. CO. (4 Div. 882, 882A.)

(Supreme Court of Alabama. June 17, 1920. Rehearing Denied June 30, 1920.)

**1. Eminent domain ⬅166—Proceedings must conform to Constitution and statutes.**

In order to subject the property of another for public use under the doctrine of eminent domain, the proceedings must be as prescribed by the Constitution and statutes.

**2. Eminent domain ⬅74—Railroad may not enter land without owner's consent or condemnation.**

A railroad has no right to enter upon and take the land of another without the owner's consent, or without condemnation proceedings and just compensation for the land.

**3. Eminent domain ⬅280—Owner permitting construction of tracks estopped from ousting railroad.**

Owner who has notice that railroad has entered upon his land and has proceeded to locate and construct its road thereon, and who allows railroad to spend large sums of money on improvements for such purpose, will be estopped from ousting the company by ejectment, if the company is willing to then make just compensation for the taking of land, but will not be estopped from claiming a just compensation; the payment thereof being a condition precedent to enjoining the ouster at law.

**4. Railroads ⬅69—Owners held not estopped from retaking possession on termination of contract.**

Where landowners made contract with railroad whereby roadbed was to be repaired and furnished by the owners and whereby the railroad was to furnish only the metal portion of the track, reserving the title thereto, the owners were not estopped from entering upon or retaking land at termination of contract; the contract contemplating operation of railroad over land only during the period of the contract.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Bill by the Atlantic Coast Line Railroad Company against M. J. Patterson and A. H. May, as Sheriff, and others, to enjoin respondents, Patterson and May, from taking up or otherwise interfering with certain track of the complainant, to ascertain the proper compensation, and to perpetually enjoin interference with the track upon payment of the compensation. From a decree overruling motions to dissolve the temporary injunction, but modifying the injunction by retaining it and ordering the complainant to institute condemnation proceedings within 30 days, and on their failure to do so permitting the respondents to renew their motion to dissolve the temporary injunction, respondents appeal, and complainant files a cross-appeal. Reversed and rendered on direct appeal.

The respondents herein filed a suit in ejectment for the strip of land involved in this proceeding, and recovered judgment, and the sheriff, under the writ of possession, began to remove the rails and ties on said strip in order to put respondents in possession, whereupon complainants herein filed this bill to enjoin them from further interference with the tracks of complainant, offering to make such compensation as the court might decree. The ejectment suit was appealed here, and will be found reported in 202 Ala. 583, 81 South. 85, where the contract here referred to is set out.

Chapman & Lewis, of Dothan, for appellants and cross-appellees.

Equity will enjoin the taking of land, unless compensation is first paid and the proper steps taken. 129 Ala. 137, 30 South. 611, 87 Am. St. Rep. 9; 150 Ala. 212, 43 South. 487; 123 Ala. 145, 26 South. 324; 184 Ala. 343, 63 South. 1006.

The proper steps are provided in sections 23 and 235, Const. 1901, and sections 3482, 3484, 3860 et seq., Code 1907. The only effect to be given the contract is an estoppel, if the railroad is willing to make compensa-

───────────────────────────────

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion. 70 Ala. 227; 198 Ala. 504, 73 South. 901; 125 Ala. 312, 28 South. 445; 184 Ala. 345, 63 South. 1006.

Under these authorities, an estoppel cannot arise under the contract, as the complainant is bound by the terms and conditions of the contract. Authorities supra.

Farmer, Merrill & Farmer, of Dothan, and John R. Tyson, of Montgomery, for appellee and cross-appellant.

The bill had equity to enjoin the writ of possession, and, having it for that purpose, should retain to settle the controversy in full. 173 Ala. 141, 55 South. 490; 168 Ala. 310, 53 South. 94; 98 Ala. 363, 11 South. 743, 39 Am. St. Rep. 67; 82 Ala. 463, 2 South. 276; 101 Ala. 700, 14 South. 564; 157 Ala. 32, 47 South. 251; 70 Ala. 174, 45 Am. Rep. 82. The following cases settle the case against the contention of the appellants. 130 Ala. 436, 30 South. 440; 126 Ala. 312, 28 South. 662, 85 Am. St. Rep. 32; 75 Ala. 275, 63 South. 1006; 158 Ala. 301, 48 South. 363; 126 Ala. 312, 28 South. 662, 85 Am. St. Rep. 32.

ANDERSON, C. J. [1-3] It is a well-recognized principle that in order to subject the property of another for public use under the doctrine of eminent domain, the proceedings must be as prescribed by our Constitution and statutes, yet we also have a well-established rule that, while a railroad company has no right to enter upon and take the lands of another without his consent or without condemnation proceedings and just compensation for same, if it does enter and construct its track upon the land of another, and the owner has knowledge that the company is proceeding to locate and construct its road on his land, and he allows it to spend large sums of money on improvements for such purpose, he will be estopped from ousting the company by ejectment, if the company is willing to then make just compensation, such as its taking may involve. This rule is, of course, founded upon an equitable estoppel: and, while it protects the railroad from being ousted it does not estop the owner from claiming a just compensation, or relieve the railroad from the payment of same as a condition precedent of enjoining the ouster at law. Southern R. R. v. Hood, 126 Ala. 312, 28 South. 662, 85 Am. St. Rep. 32, and cases there cited.

[4] The facts in this case, as developed by the answer and contract under which this complainant laid the track, negatives an equitable estoppel against this respondent from entering upon or retaking the land at the termination of the contract. The contract discloses a joint enterprise between the railroad and this respondent and his associates, the roadbed was to be prepared and furnished by respondent and associates, while the railroad was to furnish only the metal portion of the track, and to lay the same at the expense of parties of the second part. See 202 Ala. 583, 81 South. 85. The contract also reserved the title to the rails, spikes, fastenings, and other appliances furnished by the railroad, and provided against their becoming fixtures upon the roadbed. It is manifest that the parties to the contract never contemplated a permanent railroad, or one to continue as such beyond a legal termination of the contract, or that the railroad would own the roadbed, but had merely reserved the right to retain and remove its rails, fastenings, etc., upon the termination of the contract.

The trial court erred in not dissolving the injunction upon motion of the respondent, and a decree is here rendered, dissolving same and dismissing the bill of complaint. This disposition of the case removes any necessity for the consideration of the cross-assignment of error.

Reversed and rendered.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.