## AUST v. SUMTER FARM & STOCK CO.
## (2 Div. 819.)

(Supreme Court of Alabama. June 21, 1923.)

**1. Appeal and error ⬚⇒78(1)—Order retransferring to law docket cause transferred to equity docket not appealable.**

An order retransferring to law docket an ejectment suit previously transferred to equity docket under Acts 1915, p. 832, was not appealable; it not being a final judgment or decree, and the statute making no provision for appeal.

**2. Trial ⬚⇒11(2)—Upon transfer to equity docket on defendant's motion it was his duty to amend pleadings.**

Where, ejectment suit was transferred to equity docket on defendant's motion under Acts 1915, p. 832, it became his duty to amend the pleadings to conform to equitable procedure.

**3. Courts ⬚⇒209(2)—Application to Supreme Court denied when not made on paper suitable for binding as required by rule.**

Writ of mandamus will not be granted when motion is not presented on transcript paper in suitable form for binding as required by Supreme Court rule 36.

**4. Trial ⬚⇒11(3)—Retransferring to law docket not error when nothing being done on equity side of the court.**

Where no steps were being taken on equity side of docket for further progress of cause transferred from law docket, the court did not err in retransferring it to the law docket on motion to dismiss it from the equity docket.

Appeal from Circuit Court, Sumter County; R. I. Jones, Judge.

Suit in ejectment by the Sumter Farm & Stock Company against G. M. Aust. From an order retransferring the cause to the law docket, defendant appeals, and petitions for mandamus. Appeal dismissed; writ denied.

Appellee brought suit in ejectment against the appellant, to which the latter interposed the plea of not guilty. Subsequently the appellant filed a motion to transfer the cause to the equity side of the docket, seeking therein the equitable relief of reformation of certain deeds. The cause was duly transferred, and subsequently, more than 30 days after the transfer, the appellant moved to dismiss the cause from the equity docket upon the ground the plaintiff in the ejectment suit [appellee here] had failed within the time required by Acts of 1915, p. 832, to amend the pleadings after the transfer of the cause; thereafter the court entered an order that "the cause be retransferred and reinstated on the law side" of the docket of that court. From this order the appeal is prosecuted.

Malcolm H. Ivy, of Geiger, for appellant.

The court was without jurisdiction to retransfer the cause to the law side, without testing the legal sufficiency of appellant's statement, either on the merits or on the pleadings. Acts 1915, p. 832; Pomeroy's Eq. Jur. (3d Ed.) § 130; Peacock v. Bethea, 151 Ala. 141, 43 South. 864; Weathers v. Hill, 92 Ala. 492, 9 South. 412; Jones v. McNealy, 139 Ala. 379, 35 South. 1022, 101 Am. St. Rep. 38. The order is such a final order as to support an appeal. Ex parte Elyton Land Co., 104 Ala. 88, 15 South. 939; Louisville Mfg. Co. v. Brown, 101 Ala. 273, 13 South. 15; Clifford v. Montgomery, 202 Ala. 609, 81 South. 551; Claborne v. Nichols, 204 Ala. 282, 85 South. 416; Cornelius v. Moore, 208 Ala. 237, 94 South. 57.

Thos. F. Seale, of Livingston, and Patton & Patton, of Carrollton, for appellee.

The order retransferring the cause to the law side of the court was not final; and an appeal, does not lie therefrom. Cornelius v. Moore, 208 Ala. 237, 94 South. 57.

GARDNER, J. [1, 2] The motion of appellee to dismiss the appeal must prevail. This was not such a final judgment or decree as would support an appeal, and the act of 1915, supra, makes no provision for an appeal from such an order. Upon this question the case of Cornelius v. Moore, 208 Ala. 237, 94 South. 57, is conclusive adversely to appellant's contention. Under this authority, as the cause was transferred to the equity side of the docket upon motion of defendant in the ejectment suit, it became the duty of such defendant to amend the pleadings so as to conform to the equitable procedure. The contrary view entertained by counsel for defendant in this cause found support in Peebles v. Bank of Pollard, 201 Ala. 518, 78 South. 872, which authority, however, was overruled upon this point in the Cornelius Case, supra.

[3, 4] There appears to have been filed in this cause a motion seeking a writ of mandamus in the event an appeal be held inappropriate. This motion is not presented to this court on transcript paper so that the same may be in suitable form for binding, and Supreme Court rule 36 (p. 1515, of volume 2 of the Code of 1907) expressly provides that "no. application shall be heard that is not so presented." We do not mean to indicate, however, that, had the motion been in proper form, the writ would have issued. As no steps were being taken on the equity side of the docket for the further progress of the cause, the court merely retransferred the same to the law docket that it might be disposed of, and this order was in effect what was asked in the motion made by the appellant under the erroneous impression

that the duty to further proceed upon the equity docket first rested upon the opposing side.

Let the appeal be dismissed, and the writ be denied.

Appeal dismissed, and writ denied.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.