(100 South. 843)

## Ex parte LOUISVILLE & N. R. CO.
(6 Div. 123.)

(Supreme Court of Alabama.   May 29, 1924. Rehearing Denied June 26, 1924.)

**1. Mandamus ⊗⇒42—May be granted to correct error in sustaining demurrer to motion to transfer action of ejectment to equity docket.**

Under Gen. Acts 1915, p. 831, providing for the transfer of cases from the law to the equity docket, and Gen. Acts 1915, p. 598, providing for review of a ruling refusing transfer only after final judgment, in an ejectment suit in which a demurrer to defendant's motion to transfer to the equity docket was sustained, mandamus will lie to prevent injury to defendant if he had an adequate equitable defense.

**2. Trial ⊗⇒11(2)—Motion to transfer action of ejectment to equity docket held not to state facts constituting an equitable right or defense.**

An action of ejectment by a landowner against a railroad company, defendant's motion under Gen. Acts 1915, p. 831, to remove the action to the equity docket, alleging that the tracks were constructed at great expense on plaintiff's land with his consent and knowledge, but not alleging that defendant was ready, willing, and able to pay just compensation for the easement, did not allege facts sufficient to constitute an equitable right to the easement nor an equitable defense to the ejectment suit.

Original petition by the Louisville & Nashville Railroad Company for writ of mandamus to the circuit court of Cullman County, to review the ruling of said court in sustaining demurrer to a motion to transfer an action in ejectment to the equity docket. Writ denied.

Eyster & Eyster, of Albany, and Brown & Griffith, of Cullman, for petitioner.

The track was built upon plaintiff's land at his instance and for his benefit, and he is estopped to maintain an action in ejectment to recover the land. Patterson v. A. C. L., 204 Ala. 453, 86 South. 20; Clio v. Lee, 199 Ala. 145, 74 South. 243; Hendrix v. Southern, 130 Ala. 205, 30 South. 596, 89 Am. St. Rep. 27; Southern v. Hood, 126 Ala. 312, 28 South. 662, 85 Am. St. Rep. 32; New Orleans & S. R. Co. v. Jones, 68 Ala. 48; S. & N. A. v. A. G. S., 102 Ala. 236, 14 South. 747. Mandamus lies here to protect petitioner's right. Cornelius v. Moore, 208 Ala. 237, 94 South. 57; Brazel v. New South Coal Co., 131 Ala. 416, 30 South. 832; Ex parte Tower Mfg. Co., 103 Ala. 415, 15 South. 836; Eminent Household v. Lockerd, 202 Ala. 330, 80 South. 412; Acts 1915, p. 830.

F. E. St. John, of Cullman, for respondent.

Mandamus does not lie to direct the manner of exercising discretion. High on Extraordinary Leg. Rem. (3d. Ed.) 152; Ex parte Campbell, 130 Ala. 171, 30 South. 385; Ex parte State ex rel., 208 Ala. 28, 93 South. 820; Ex parte Graves, 61 Ala. 381; Ex parte Seals Piano Co., 190 Ala. 641, 67 South. 240; Ex parte Shaudies, 66 Ala. 134. Petitioner had a remedy by assigning the rulings on motion as error on appeal in the ejectment suit. Johnson v. Westinghouse, Church, Kerr & Co., 209 Ala. 672, 96 South. 884. Acts 1915, p. 830. And also by injunction. Patterson v. A. C. L., 204 Ala. 453, 86 South. 20. It is essential that petitioner have a clear legal right. Armstrong v. O'Neal, 176 Ala. 611, 58 South. 268; Cloe v. State, 209 Ala. 544, 96 South. 704; Hunnicutt v. Head, 179 Ala. 567, 60 South. 831.

---

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

MILLER, J. [1] Ernest Hauk sued the Louisville & Nashville Railroad Company, a corporation, to recover possession of lots 1, 2, and 3 in block 1 in Osborn's addition to the town of Cullman, Ala., together with damages for the detention of it.

The defendant filed in the cause a written motion, which was afterwards amended, stating that it claimed an equitable right in a part of this land, and stated therein the substance of its equitable right and defense; and the motion as amended was verified by affidavit of a person who had knowledge of the facts alleged; and it prayed that the cause be transferred by the court to the equity docket. The legal sufficiency of this motion as amended was tested by demurrer filed by the plaintiff, and on the hearing the court sustained the demurrers. The defendant failed and declined to further amend the motion, and the court by order dismissed the motion and taxed the defendant with the cost thereof.

This is an application to this court for writ of mandamus to review the ruling of the trial court in sustaining the demurrers of plaintiff to the motion as amended of the defendant to have the cause transferred from the law to the equity docket of the court. Whenever an equitable right or defense appears to exist in a cause pending on the law side of the court, the decision of which would dispose of the cause, the defendant may assert such right or defense by a written motion filed in the cause, which shall state the substance of the equitable right or defense, and it must be verified by the affidavit of some person having knowledge of the facts. The act approved September 28, 1915, Gen. Acts 1915, p. 831.

Neither this act (Gen. Acts 1915, p. 831, § 2), nor any statute, gives the defendant the right of appeal from the judgment of the court sustaining demurrers to this motion to transfer the cause from the law to the equity side of the docket. Cornelius v. Moore, 208 Ala. 237, 94 South. 57. This ruling of the court may be reviewed by this court on appeal after final judgment, if adverse to the defendant, in the ejectment suit. Act approved September 18, 1915, Gen. Acts 1915, p. 598. But does this give the defendant an adequate remedy? The defendant has no remedy from this ruling by appeal or writ of error, except by appeal after final judgment, if adverse to it, in the ejectment suit, and if this would not be an adequate remedy, then mandamus would lie if the ruling was erroneous. Johnson v. Westinghouse, etc., Co., 209 Ala. 672, 96 South. 884; Ex parte Campbell, 130 Ala. 183, 30 South. 385; Cornelius v. Moore, 208 Ala. 237, 94 South. 57.

This court, in Ex parte Tower Mfg. Co., 103 Ala. 418, 15 South. 837, wrote:

"If an order, or judgment, or decree, is made or rendered, which is not the subject of revision by appeal, or other revisory remedy, and yet is erroneous, working injury to the party complaining, and there be no other legal remedy, adequate to the correction of the error and the prevention of the injury, mandamus will be awarded."

It would work injury to the defendant to require it to go through this trial and wait until after final judgment in the ejectment suit before presenting for review this ruling on its motion. The remedy by appeal after final judgment may be adequate to correct the error, but it is attended with injury to the defendant. Ex parte S. & N. R. R. Co., 65 Ala. 599; Johnson v. Westinghouse, etc., Co., 209 Ala. 672, 96 South. 884. The design of this statute, in part at least, was to obviate the unnecessary expense and necessity for drawing and filing a bill for injunction to restrain the prosecution of a suit at law, and for obtaining a writ of injunction and giving an injunction bond. It gives the parties the right to set up by motion filed therein any equitable right or defense in any suit at law at any time before and during the trial, and have the cause transferred to the equity docket, if entitled thereto under the facts, without an injunction writ and bond. It gives the judge, the court on its own motion, the right to transfer any cause from the law to the equity docket during the trial, whenever the facts in the case present an equitable question, the decision of which should dispose of the cause, and which cannot be disposed of in the law side of the court, without requiring the party to give an injunction bond and without issuing an injunction writ. The remedy by injunction is not adequate to correct the error and to prevent injury to the defendant. Mandamus will lie and the application for the writ should be granted to correct the error, when the averments of the motion state the substance of an equitable right or defense, and the court sustains demurrers to it and refuses to transfer the cause to the equity docket. Authorities supra.

[2] This motion is, in its very nature and effect, like a bill for an injunction to restrain the plaintiff from prosecuting this ejectment suit against it on the ground it has no legal defense thereto, but has a clear equitable defense and right to retain the possession and use of the land sued for. The defendant avers, in its motion to transfer the cause from the law to the equity docket, that plaintiff is suing to recover possession of a part of these lots on which a spur track was erected and constructed by the South & North Alabama Railroad Company, and that defendant succeeded by purchase and conveyance to all the rights, title, and interest of the South & North Alabama Railroad Company in all of its lines and property, including this spur track. It further appears from the motion that this spur track was con-

structed in 1913 "for the purpose of serving the plaintiff" by delivering to him coal over it, and "serving other businesses located south of the lots." It was constructed at great cost, to wit, $2,971, by and with the consent of the plaintiff and in part of his benefit, and the cost of constructing this spur track exceeded at the time the value of the lots; and "plaintiff acquiesced in the building of said spur track or road and accepted benefits arising therefrom." The motion also alleges:

"There was no agreement or understanding that said spur track should be moved on notice or otherwise; that defendant is now serving the city water and electric power plant of the city of Cullman, Ala., a public utility, and also two wholesale grocery establishments and a public warehouse, and other interests, located along said spur track, and said spur track is necessary to the service of said utilities and businesses, that it cannot reach them in any other point except by said spur track, that said spur track is located along a deep cut and very close to the edge of said cut, and there is no other available way to reach said businesses except by spur track."

This spur track was constructed in 1913 and has been in use constantly since then by the defendant and its predecessor in ownership. This ejectment suit was commenced on April 1, 1923, and the spur track with "consent," knowledge, and "acquiescence of defendant" was constructed "in and about the year 1913." It appears from the facts alleged in the motion that the defendant has no clear, legal defense to the action of ejectment. Do the facts alleged give it an equitable defense and right to retain possession of the land on which the spur track is constructed as against the plaintiff?

The defendant and its predecessor in ownership of this track are corporations. They were formed to construct, operate, and maintain railroads, and each had the right to exercise the power of eminent domain in the manner provided by law. Section 3482, Code 1907. The defendant avers in the motion this track was constructed at great expense on this land of plaintiff, in part for his benefit, with his knowledge, consent, and acquiescence. These averments, if true, will estop him from ousting the defendant by ejectment, if the defendant is willing to make just compensation for the easement right. This equitable estoppel is unavailing in the ejectment suit. This equitable right, based on estoppel, to retain possession of the land, must be asserted in a court of equity.

The motion sets up sufficient facts, if true, to constitute an equitable estoppel and to entitle defendant to the right to restrain by injunction the prosecution of the ejectment suit or to have the ejectment suit transferred from the law to the equity side of the docket, if it had also averred in its motion that it

was ready, willing, and able to pay just compensation for the easement right. Southern Rwy. Co. v. Hood, 126 Ala. 312, 28 South. 662, 85 Am. St. Rep. 32; Patterson v. Atlantic Coast Line Rwy. Co., 204 Ala. 453, 86 South. 20; Hendrix v. Southern Rwy. Co., 130 Ala. 205, 30 South. 596, 89 Am. St. Rep. 27; Cornelius v. Moore, 208 Ala. 237, 94 South. 57.

The motion on its face shows only a temporary easement right over the land of plaintiff by the defendant, and no equitable right to a permanent easement therein without paying just compensation for it. The facts averred in the motion do not constitute an equitable right to this easement in this land by the defendant, nor an equitable defense to the ejectment suit. So we must hold the court properly sustained demurrers of plaintiff to this motion of the defendant as last amended.

The petition for writ of mandamus is refused, as the ruling of the court on demurrers to the motion as amended was correct.

Petition for writ of mandamus is denied.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.