34 So.2d 573

## MONTGOMERY et al. v. ALABAMA POWER CO.

### 6 Div. 611.

Supreme Court of Alabama.

Feb. 19, 1948.

Rehearing Denied April 15, 1948.

Jones, Dominick & McEachin and Liston C. Bell, all of Tuscaloosa, for appellants.

McQueen & McQueen, of Tuscaloosa, and Martin, Turner & McWhorter and Alvin W. Vogtle, Jr., all of Birmingham, for appellee.

STAKELY, Justice.

Liston R. Montgomery, Lester Montgomery, Edward Montgomery, Cecil Montgomery and Mrs. C. C. Hollingsworth brought a suit against the Alabama Power Company for damages for trespass upon certain lands described in the complaint and located in Tuscaloosa County, Alabama. The defendant filed a motion to transfer the cause to the equity side of the docket and alleged in substance matters which it considered sufficient to present an equitable question for decision which should or would dispose of the cause and which could not be asserted on the law side of the court. For reasons which will hereinafter appear, we think it unnecessary to make any further statement as to the facts set up in this motion. Demurrers were filed to the motion which the court overruled. An order was then entered transferring the cause to the equity side of the docket.

In the equity court the Alabama Power Company filed what it terms a petition, but which we regard as a bill of complaint. Carey v. Hart, 208 Ala. 316, 94 So. 298. The so-called petition alleges in substance the following: On to-wit March 5, 1946, acting in good faith and believing that Mrs. C. C. Hollingsworth was the sole owner of the lands in question, petitioner acquired from her and her husband for a valuable consideration a deed duly executed by them and delivered to it, giving to it the right to construct, operate and maintain its lines of poles and towers and appliances necessary in connections therewith for the transmission of electric power with the right to string thereon electric power and telephone lines with all the rights and privileges necessary for the full enjoyment thereof, including the right of ingress and egress and the right to cut and keep clear

all trees; the deed was duly recorded and a copy is attached to the petition and made a part thereof; after the deed was delivered to petitioner, it began construction of a rural electric line in conformity with the provisions of the deed; the line had been partially constructed when it discovered that Mrs. Hollingsworth was the owner of only a dower interest in the lands; petitioner had entered upon no lands other than those described in the deed; Mrs. Hollingsworth is not entitled to compensation or damages; petitioner is a power and electric company and by its charter has the right to manufacture, sell and supply electric energy to the public and the right of way is sought to be condemned for its transmission lines for the foregoing purposes and that this includes the right to clear and remove timber and other growth thereon.

The petition prays in substance for an order condemning a right of way across the lands upon payment to Liston R. Montgomery, Lester Montgomery, Edward Montgomery and Cecil Montgomery a just compensation for their interest in the land, no compensation to be paid to Mrs. C. C. Hollingsworth. The petition concludes with a general prayer for relief.

█ At the outset it must be observed that the court's ruling on the motion to transfer the cause from the law side to the equity side of the court cannot be reviewed on this appeal. Under § 154, Title 13, Code of 1940, when an appeal is taken from the final judgment or decree in the cause error may be assigned on the judgment or order of the court transferring the cause by the party aggrieved thereby. The appeal here, however, is not an appeal from a final judgment or decree but an appeal from a ruling on demurrer to the bill of complaint. At the present stage of the proceedings the proper method of review and the only method of review is by mandamus. Cornelius v. Moore, 208 Ala. 237, 94 So. 57; Aust v. Sumter Farm & Stock Co., 209 Ala. 669, 96 So. 872; Jones v. Wright et al., 220 Ala. 406, 125 So. 645; Employers Ins. Co. v. Brock, 233 Ala. 551, 172 So. 671.

█ It is very earnestly insisted by the appellants that under § 235 of the Constitution of Alabama the power to condemn lands is vested exclusively in the probate court as set forth in the statutes comprising Chapter 1, Title 19, Code of 1940. Accordingly, they insist that the remedy in the present situation is in the probate court and not in a court of equity. We think, however, that the contention overlooks a line of authority which has long been established in this state. In the case of Patterson et al. v. Atlantic Coast Line R. Co., 204 Ala. 453, 86 So. 20, in connection with a bill in equity this court, speaking through Anderson, C. J., said:

"It is a well-recognized principle that in order to subject the property of another for public use under the doctrine of eminent domain, the proceedings must be as prescribed by our Constitution and statutes, yet we also have a well-established rule that, while a railroad company has no right to enter upon and take the lands of another without his consent or without condemnation proceedings and just compensation for same, if it does enter and construct its track upon the land of another, and the owner has knowledge that the company is proceeding to locate and construct its road on his land, and he allows it to spend large sums of money on improvements for such purpose, he will be estopped from ousting the company by ejectment, if the company is willing to then make just compensation, such as its taking may involve. This rule is, of course, founded upon an equitable estoppel; and while it protects the railroad from being ousted it does not estop the owner from claiming a just compensation, or relieve the railroad from the payment of same as a condition precedent of enjoining the ouster at law."

Cited in the foregoing opinion as authority for the position taken is the case of Southern R. R. Co. v. Hood, 126 Ala. 312, 28 So. 662, 85 Am.St.Rep. 32. As sustaining the principles announced in the foregoing authorities we also refer to Jones v. New Orleans & S. R. R. Co. and Immigration Ass'n, 70 Ala. 227; Jones et al. v. Southern Ry. Co., 162 Ala. 540, 50 So. 380; Mobile & W. Ry. Co. et al. v. Fowl River Lumber Co., 152 Ala. 320, 44 So. 471; Southern Ry. Co. v. Clark, 220 Ala. 555, 126 So. 855; City of Birmingham v. Smyer, 230 Ala. 234, 160 So. 764; Town of Clio v. Lee, 199 Ala. 145, 74 So. 243; Western Union Tel.

444

Co. v. Georgia R. & Banking Co. et al., D. C., 227 F. 276. In Patterson et al. v. Atlantic Coast Line R. Co., supra, the estoppel was against ousting the company by ejectment. The same principle applies when it is sought to estop the owner from prosecuting an action in trespass. Southern Ry. Co. v. Hood, supra.

■ ■ The point has been reached where we must apply the foregoing principles to the bill of complaint in the present case. The allegations of the bill of complaint show that the company entered upon the lands in good faith and under a claim of right by virtue of the deed from Mrs. Hollingsworth and her husband. While under the allegations Mrs. Hollingsworth has no claim, the allegations should show an equitable estoppel against the other owners. Such an estoppel must be based upon knowledge on the part of the owners that the company has entered upon the lands and made substantial improvements thereon or upon facts from which such knowledge will be presumed. 19 Am.Jur. p. 648; 31 C.J.S., Estoppel, § 70. It is under these circumstances that the owners cannot stand by without protest. When they do the estoppel arises, except that they are still entitled to receive just compensation.

■■ There is an entire absence of allegation showing knowledge on the part of the owners or facts from which such knowledge will be presumed. Under the foregoing authorities there is accordingly an entire absence of allegation as to an indispensable element of equitable estoppel. It may be that there is no special ground of demurrer reaching this defect in the bill. Under the circumstances, however, we think that such entire absence of allegation is a defect of substance which was reached by the general demurrer to the bill. Singo v. Brainard, 173 Ala. 64, 55 So. 603. Accordingly we consider that the court was in error in not sustaining the general demurrer to the bill.

A decree will here be rendered sustaining the demurrer to the bill and allowing thirty days for amendment.

Reversed, rendered and remanded.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.