# First National Bank of Gadsden *v.* Thompson, *et al.*

### *Bill in Equity to enforce a Vendor's Lien.*

1. *Vendor and purchaser; how lien enforced against railroad company who purchased from the vendee* —Where the owner of a fee in lands holding a deed of conveyance, which reserves a lien upon the land to secure the payment of the balance of the purchase money, conveys a strip of land for a right of way to a railroad company, and the railroad company goes into possession, constructs its railroad and operates its trains thereon, upon a bill filed by the original vendor to enforce his lien for the payment of the purchase money, the complainant is not entitled to have the road-bed and right of way the of railroad company sold to satisfy his claim, but can only compel the railroad company to make just compensation for the lands conveyed to and appropriated by it; and upon acquiring jurisdiction in such a case, a court of equity has adequate power to ascertain and decree the amount to be paid as damages.

APPEAL from the City Court of Gadsden, in Equity.

Heard before the Hon. JOHN H. DISQUE.

The facts of the case are sufficiently stated in the opinion.

GEORGE D. MOTLEY, for appellant.—1. All improvements placed on lands by a purchaser or his sub-purchaser, which partake of the reality, will inure to the purchaser at the vendor's sale.—*Johnston v. Smith*, 70 Ala. 108 ; 2 Warvelle on Vendors, 710, § 17.

2. A purchaser of land with notice, either actual or constructive of an outstanding mortgage, although he may have acted ignorantly and in good faith, is not entitled to have the value of the improvements made by him, but he may enjoy the benefits by paying the debt. *Hughes v. Edwards*, 9 Wheat. (U. S.) 489 ; *Farrow v. N. C. C. & St. L. R. Co.*, 109 Ala. 448. There is no estoppel in this case.—*Mary Lee C. & R. Co. v. Winn*, 97 Ala. 495.

BURNETT & CULLI, *contra*.—The railroad company had title to the right of way from the only person from

whom it could be acquired. It would, therefore, be inequitable to allow the complainant to subject the property enhanced by the railroad company's improvements to the payment of complainant's debt. The equitable burden that the defendant would have to bear, would be the value of the lands taken at the time of taking, or at furthest, the proportionate value that it would bear to the value of the entire lands. Respondent offers to meet either contingency by offering to pay the proportionate value, or that this court will ascertain the proportionate value of said land to the other, and then offers to pay the amount so ascertained.—*North Hudson R. R. Co. v. Booraem*, 28 N. J. Eq. 451.

That the railroad company did not institute condemnation proceedings makes no difference. This can now be done by reference to the register. Such a proceeding is in the nature of marshalling assets, and is absolutely within the cognizance of a court of equity.—*N. H. R. R. Co. v. Booraem*, 28 N. J. Eq. 451; *S. & N. Ala. R. R. Co. v. A. G. S. R. R. Co.*, 84 Ala. 580; *Ib*, 102 Ala. 236. Having acquired jurisdiction for one purpose, equity will go on and do complete equity between the parties. *Bellinger v. Lehman, Durr & Co.*, 103 Ala. 385.

COLEMAN, J.—In February, 1885, one Eaton sold and conveyed to Isabel Thompson a certain tract of land described in the bill of complaint, and reserved in the deed of conveyance a lien upon the land to secure the balance of the purchase money, evidenced by her promissory note. In October, 1891, the vendee, Isabel Thompson, and husband conveyed a strip of the land to the Chattanooga Southern Railway Company for a right of way. The railroad company took possession of the strip of land under the conveyance and constructed its railroad, and has since continued in possession and use of it for the transportation of passengers and freight. The original vendor transferred the note to complainant, who filed the present bill to enforce the lien reserved in the deed of conveyance to secure the payment of the purchase money. The railroad answered the bill, admitted the conveyance for a right of way, the construction of the railroad and its operation, with full knowledge and without objection on the part of the owner of the note or the vendor. The respondents denied the

right of complainant to a lien upon the road-bed and sale of the same. It averred its readiness to make just and equitable compensation for the right of way and bear such proportionate share of the amount due as was equitable and right. It prayed for a sale of the other lands first, and an order of reference to ascertain what proportion of the purchase money debt it should pay, and prayed that its answer be taken as a cross-bill. The complainant moved to dismiss the cross-bill for want of equity, which motion was overruled. On final submission, the following decree was rendered, and complainant appealed : "And, upon consideration, it is ordered, adjudged and decreed that the complainant, the First National Bank of Gadsden, has a lien upon the lands described in the bill for the purchase money thereof, and that complainant is entitled to relief.

"It is therefore ordered that it be referred to the register to ascertain the amount now due by the defendants to the complainant for the purchase money of the real estate [described] in the bill in this cause, principal and interest to the date of his report, and that he report the amount of the land held by the said Chattanooga Southern Railroad Company ; also ascertain the value of said land, as it was before it was changed in its condition, irrespective of the structure put upon it by the railroad company, and that he will report to the present term of the court as soon as may be."

There are other questions, but a consideration of those, presented by this statement, is conclusive of all others.

The first material question of merit is whether the complainant is entitled to have the road-bed and right of way sold to satisfy its claim, or whether the respondent railroad company is liable only to make just compensation for the lands taken. It will be seen from the statement of facts, that the railroad corporation went into possession, under a conveyance from the owner in fee, and constructed its road by virtue of this right, having constructive knowledge that there was a lien upon the land to secure the payment of the purchase money. The railroad was in no sense a trespasser, nor did the failure of Mrs. Thompson to meet her obligation to her vendor, Eaton, or his assignee, convert their conduct into a wrong. The general rule is, when fixed improvements are placed upon real property, they become realty

and subject to an existing mortgage or lien, but it would be inequitable to apply this rule, when the right of eminent domain exists, and parties in good faith under a purchase of land from the owner in fee, enter into possession, and subject the property to the same uses to which it might have been subjected by *ad quod damnum* proceedings. The most that a mortgagee or lienee can claim in such cases, is full compensation for the lands appropriated. The powers of a court of equity are adequate to ascertain and decree the amount to be paid as damages or compensation. The case of *North Hudson R. R. Co. v. Booraem*, 28 N. J. Eq. 450, is an authority directly in point, and the conclusion reached rests upon sound equitable principles and is sustained by authorities cited. The general principle declared in the case of *Jones v. N. O. & S. Railroad Co.*, 70 Ala. 227, as applied to the facts of the present case, are in harmony with these conclusions.

We find no error in the record available to appellant. Affirmed.

