[Jones, et al. v. Southern Ry. Co.]

# Jones. *et al. v.* Southern Ry. Co.

### *Bill to Enjoin Ejectment Suit.*

(Decided June 30, 1909.—50 South. 380.)

*Eminent Domain; Rights Acquired.*—Where a railroad company, authorized by its charter to condemn lands under eminent domain proceedings, did so with the belief that the proceedings were valid and constructed and operated a railroad on the land, it was entitled to an injunction restraining the trustees from suing in ejectment for the land upon offering to pay such amount as should be decreed to be due for the taking of the land.

APPEAL from Hale Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by the Southern Railroad Company against Madison Jones, and others to enjoin an ejectment suit. From a decree overruling demurrers to the bill and refusing to dissolve an injunction respondents appeal. Affirmed.

DEGRAFFENRIED & EVINS, for appellant. The proceedings set up were held under the act of December 31, Acts 1868, p. 566, and the demurrers raise the question that the power in the act given this corporation to condemn lands before a justice of the peace, is void for three reasons; 1st, because this portion of the act is not clearly expressed in the title.—*Bell v. The State*, 115 Ala. 87. 2nd, because it was a discrimination in favor of this corporation.—*Brown v. A. G. S.*, 87 Ala 370. 3rd, it is violative of section 5, article 13, Constitution 1868.—*Faxon v. Faxon*, 55 N. E. 316. The will conferred a life estate. —*Warner v. Tanner*, 38 Ohio 118; *Tobias v. Cohn*, 36 N. Y. 363; *State v. White*, 49 South. 81. Mrs. Jones' life estate did not depend on personal occupation.—*Elyton L. Co. v. S. & N. R. R. Co.*, 100 Ala. 405; *Hunter v. Murphy*, 126 Ala. 123. There can be no adverse possession

against one whose right of entry has not accrued.—74 Ala. 131. Nor can there be adverse possession or claim of ownership by a life tenant which will operate to bar the estate in remainder.—9 Mass. 509; 7 East. 321; Angel on Limi. sec. 415.

PETTUS, JEFFRIES & PETTUS, for appellee. Where the owner of land sits idly by and permits another to make valuable improvements upon his land, he is estopped from bringing ejectment to recover the land itself. And an ejectment suit will be enjoined.—*Mobile v. Fowle L. Co.,* 152 Ala. 320; *Hendricks v. Southern,* 130 Ala. 206; *Southern Ry. Co. v. Hood,* 129 Ala. 312; *Southern Ry. Co. v. Cowan,* 118 Ala. 554; *S. & N. v. A. G. S.,* 102 Ala. 236; *Bank v. Thompson,* 116 Ala. 166. The bill properly offered to do equity by paying just compensation.—*McClure v. A. M. R. R. Co.,* 130 Ala. 436; *Southern Ry. v. Hood, supra; National Bank v. Thompson, supra.*

SIMPSON, J.—This is an appeal from a decree overruling demurrers to the bill and refusing to dissolve an injunction. The appellants sued the appellee in ejectment to recover a parcel of land constituting the right of way of appellee. The appellee filed its bill to enjoin said action of ejectment, alleging that the ejectment suit is by Madison Jones and Napoleon B. Jones, as trustees under the last will and testament of William Jones, deceased; that the predecessor of complainant, "the Selma, Marion & Memphis Railroad Company," was incorporated under a special act of the Legislature (Acts 1868, p. 566) ; that under and by its charter it was authorized to condemn lands, etc.; that condemnation proceedings were allowed to be had before a justice of the peace; that the lands in question were held by said M. and N. B. Jones, with Wm. A. Jones (since deceased), as trustees

as aforesaid; that by said will it is provided that said Wm. A. Jones and his wife should be allowed to occupy said lands as a residence during their lives, or the lives of either of them; that condemnation proceedings were had before a justice of the peace; that at that time said Wm. A. Jones had departed this life, and that said Madison Jones and Napoleon B. Jones, as surviving trustees, together with Margaret K. Jones (the widow of Wm. A.) and the children of said Wm. A. and Margaret K. Jones, who were minors, were made parties defendant to said proceedings; that the amount of condemnation money was paid to said defendant, the part due to said minors being paid to their said mother, who was their legal guardian, appointed by the probate court; that said railroad was constructed on said lands, and large amounts have been expended thereon, and the same is now occupied by complainant for its railroad, which is now in operation; that said trustees claim that said condemnation proceedings are void, and that the long and uninterrupted adverse possession of the complainant and its predecessors is unavailing as a defense to said action of ejectment, for the reason that they could not sue until after the death of said Margaret K. Jones, which has occurred recently; that the amount of condemnation money paid is just and reasonable, but complainant submits itself to the jurisdiction of the court, and offers to pay such amount as shall be decreed by the court to be due.

A writ of injunction was issued, in accordance with the prayer of the bill, demurrers were interposed to the bill, and an answer was filed, which in terms denies the allegations in regard to the charter of the original railroad company and the condemnation proceedings, but goes on to allege that said company was chartered, that its charter did confer the right to condemn before a jus-

tice of the peace, but that provisions of the act are unconstitutional. It also denies in terms the allegation in regard to the original ownership of Wm. Jones, deceased, etc., but goes on to allege that said Wm. Jones did own the said lands at the time of his death on the 19th day of January, 1862, that he did leave a will providing substantially as alleged in the bill, and attach a copy of the will as an exhibit; and it alleges that, immediately upon the probating of said will, said trustees entered upon the performance of their trusteeship, that Wm. A. Jones took possession of the land in question, retained possession of it until his death, and his wife, Margaret K. Jones, occupied it until her death, about April 20, 1904, leaving surviving her Thomas K. Jones, Annie Jones (now married), Henry A. Jones, and Margaret Jones (now married). It acknowledges that the condemnation proceedings were had, and that said Margaret K. Jones and her said children, who were then minors, were made parties, with said trustees; but they state that the condemnation proceedings did not include all of the lands sued for, that the respondents do not know whether the money due to said minors was paid to their said mother, who was their guardian, but, if it was, it was without authority of law, that said trustees had no right to interfere with said lands until after the death of said Margaret K. Jones, and that said condemnation proceedings were void, that no compensation was paid to the respondents, that the road was constructed and has been operated as alleged, but that they had no right to maintain any action until the death of said Margret K. Jones.

The will, which is made an exhibit to the answer, conveys the lands to said trustees and their survivors in fee simple, providing that if either dies his portion goes to his children, etc. The codicil provides that the property

devised to said trustees and the survivors of them shall be held in trust, that the proceeds shall be applied to the support of said trustees and their families, and the overplus to be invested, and on the death of all the corpus to be divided between their families; and it directs that his said son, Wm. .A Jones, "be permitted to use and occupy the land in question as a residence during his life, and his wife be permitted to occupy it during her life for herself and children."

This court, at an early day, in speaking of the case where a railroad company had entered upon lands as a trespasser, said: "Though the appellee was a trespasser, by reason of the neglect to pursue the proper remedy for acquiring the lands, acquiring them without the consent of the owner, there is, in the right continuing in him to pursue the remedy, rendering the possession rightful, and by which title may be acquired, a plain distinction between the appellee and a common trespasser. No remedy is given the trespasser by which he may acquire the use and enjoyment of, or title to, the lands. There is also another distinguishing fact: The structures of the appellee were dedicated, not to the use and enjoyment of the freehold, but to public uses," etc.—*Jones v. N. O. & S. R. R.*, 70 Ala. 232. In that case it was held that, though the railroad company had entered as a trespasser, it could institute proceedings to condemn the land, which should be assessed as of its value when taken.

This court has also held that, where the owner in fee of lands subject to a vendor's lien conveyed a right of way thereon, upon a bill filed to enforce the vendor's lien, the complainant was not entitled to have the roadbed and right of way sold to satisfy his claim, but could only compel the railroad company to make just compensation for the lands conveyed to and appropriated by it, and

that it would be inequitable to apply the rule that fixed improvements become a part of the realty, "when the right of eminent domain exists, and parties in good faith, under a purchase of land from the owner in fee, enter into possession and subject the property to the same uses to which it might have been subjected by ad quod damnum proceedings."—*First Nat. Bank of Gadsden v. Thompson et al.,* 116 Ala. 166, 22 South. 668. Also that if the owner of land suffers another to purchase and spend money on it under an erroneous opinion or mis-taken belief of title, without making known his own claim, he cannot afterwards assert, in equity, his right or title against such purchaser.—*S. & N. R. R. Co. v. Ala. Grt. So. Ry. Co.,* 102 Ala. 236, 14 South. 747; *Cowan v. Southern Ry. Co.;* 118 Ala. 554, 23 South. 754; *Hendrix v. So. Ry. Co.,* 130 Ala. 205, 30 South. 596, 89 Am. St. Rep. 27.

In this case the railroad company did not enter as a trespasser, but entered under proceedings which were thought to be valid, to which proceedings the trustees to whom the legal title to the lands was conveyed were parties, and said trustees now bring the ejectment suit. It is unnecessary to decide whether the permissive use of the land as a residence by Wm. Jones and his wife created a life estate in them, or whether said trustees, holding the legal title, could not have instituted some proceedings to force a condemnation of the lands, or whether the proceedings had were valid or void. Under the principals adverted to, it would be inequitable to permit said trustees to recover in ejectment, and the serious damage which would result from a dissolution of the injunction, as compared with the mere delay to the other party, indicates that the injunction should not be dissolved.—*Mobile & W. Ry. Co. v. Fowl River Co.,* 152 Ala. 320, 44 South 471.

[Lacey, et al. v. Cowan, Trustee.]

There was no error in overruling the demurrer to the bill, or in refusing to dissolve the injunction. The decree of the court is affirmed.

Affirmed.

DOWDELL, C. J., and DENSON and McCLELLAN, JJ., concur.