## LEITCH *v.* CITY OF DUBLIN.

1. An affidavit of illegality as a remedy lies only in favor of the defendant in execution; and the owner of property can not file an affidavit of illegality if the execution is issued against some one else as being the owner of the property levied upon. In such case the real owner's remedy is by an equitable petition for injunction.
2. The owner of an equitable mortgage, and other lienholders, or persons simply having such interest in property that they may be affected by the enforcement of a special assessment against it by a municipality for paving purposes, are not entitled to notice and an opportunity to be heard in assessment proceedings, where the real owner has been served with notice and has consented to the assessment.
3. The court did not err in dissolving the temporary restraining order and in refusing an injunction.

No. 4701. JULY 15, 1925.

Petition for injunction. Before Judge Kent. Laurens superior court. December 20, 1924.

*W. A. Wooten* and *Burch & Daley,* for plaintiff.

*William Brunson* and *C. C. Crockett,* for defendant.

HILL, J. On March 1, 1916, J. T. Pope, now deceased, executed to W. N. Leitch, of Dodge County, a security deed conveying certain real estate in the City of Dublin, for the purpose of securing certain indebtedness. Subsequently W. N. Leitch died, and his widow, Mrs. Louise Leitch, qualified as the executrix of his last will and testament. On April 19, 1917, J. T. Pope executed to Mrs. Louise Leitch a security deed conveying certain real estate in Dublin for the purpose of securing certain indebtedness. After

the death of J. T. Pope his estate was put into the hands of a receiver by order of the superior court. Upon an intervention filed by Mrs. Louise Leitch individually, and also as executrix, an order of the superior court was granted, authorizing and directing the receiver of the property of J. T. Pope, deceased, to sell at public outcry the property described in the security deed from Pope to W. N. Leitch, and also from Pope to Mrs. Louise Leitch. In accordance with the order of the court this real estate was sold at public sale, and Mrs. Leitch became the purchaser of the property described in both deeds, and received a deed to the property from the receiver, dated February 21, 1924. After the execution and delivery of the security deed from J. T. Pope to W. N. Leitch and to Mrs. Leitch, and prior to the date of the receiver's deed to Mrs. Leitch, the City of Dublin, on June 17, 1919, passed an ordinance for the paving of certain streets in the City of Dublin, on which abutted the property in controversy. The street was paved, and fi. fas. for the paving assessment were issued against J. T. Pope and specifically against the real estate involved in this litigation. The fi. fas. recited that they were issued under and by authority of the ordinance of the mayor and aldermen of the City of Dublin, dated June 17, 1919. These fi. fas. were levied by the City of Dublin against the property specifically described therein, and the property was advertised for sale. Prior to the date of sale Mrs. Leitch filed her equitable petition in the superior court of Laurens County, asking that the sale be enjoined, and that the executions issued by the city be declared null and void for the reason alleged in the petition. A temporary restraining order was granted, and upon the hearing the trial judge dissolved the temporary restraining order and refused an interlocutory injunction. To this judgment the plaintiff excepted.

1. Two questions are for determination in this case. The first is whether the charter of the City of Dublin provides an adequate remedy for the defendant in a case like the present. It is insisted that there is a complete remedy provided by affidavit of illegality. It will be observed that the fi. fas. were not issued against Mrs. Leitch, the plaintiff in error, but were issued against J. T. Pope, who executed to Mrs. Leitch a deed to the property in controversy to secure a certain indebtedness owing by Pope to her. This court has held in more instances than one that an affidavit of illegality

as a remedy lies only in favor of the defendant in execution; and the owner of property can not file an affidavit of illegality if the execution is against some one else as being the owner of the property levied upon. *City of Atlanta* v. *S. A. L. Ry.,* 137 *Ga.* 805 (2) ; *State of Ga.* v. *Sallade,* 111 *Ga.* 700; *Artope* v. *Barker,* 72 *Ga.* 186; *Ga. Ry. & Elec. Co.* v. *Atlanta,* 144 *Ga.* 722. But it is argued that Mrs. Leitch, being the real owner of the property, has a remedy by affidavit of illegality. In the case last cited it was held : "Where the property of a corporation is proceeded against as the property of another corporation, for the enforcement of a street-improvement assessment against it, the real owner's remedy is by injunction, for the reason that only the party named as defendant can file an affidavit of illegality." So we conclude from the foregoing that an affidavit of illegality would not afford a remedy in a case like the present, but the real owner's remedy is by injunction.

2. Having held that an affidavit of illegality is not an available remedy in a case like the present, but that an equitable petition for injunction is an available remedy, has Mrs. Leitch, the plaintiff, made out such a case as would entitle her to an injunction? The record shows that the City of Dublin under its charter had the right and authority to pave its streets and to assess the cost of the paving to the abutting-property owners. It also provides for a notice to the property owner. The city adopted an ordinance providing for a notice and hearing. In obedience to the notice served upon him under the city ordinance, J. T. Pope came before the council and entered into an agreement for the pavement of the street in accordance with the ordinance adopted by the city, and agreed to pay two thirds of the cost of the paving, and to withdraw a previous suit for injunction filed against the city. Pope executed deeds to the property in controversy which abutted on the street to be paved, to the Leitches to secure an indebtedness due them. They were, therefore, not the true owners of the property, but had only an equitable title thereto. In the view we take of this case only the true owner of the property is entitled to an injunction in a case like the present. In 25 R. C. L. 165, § 77, it is said : "Mortgagees and other lienholders, or persons simply having such interest in the property that they may possibly be affected by the enforcement of a special assessment against it, are

not entitled to notice and an opportunity to be heard in assessment proceedings. The reason for this is that the mortgagee takes his lien subject to the rights of the State, or of any municipal authority to which the power is properly delegated, to impose on the property, in accordance with law, not only general taxes, but special assessments. He is not the owner of the property, but a lienholder merely; and the fact that incidentally the value of the lien may be impaired by the enforcement against the property of general or special taxes does not give him a constitutional right to be notified of the proceedings under which such taxes are imposed; the possible impairment of his lien does not amount in such cases to a taking of property without due process of law." And see Ann. Cas. 1912D, 534; Ann. Cas. 1915C, 40; 30 L. R. A. (N. S.), 761, and note; 37 L. R. A. (N. S.), 558, and note; *Central of Ga. Ry. Co.* v. *Wright,* 124 *Ga.* 630; *City of Sandersville* v. *Bell,* 146 *Ga.* 737.

In the above view it does not matter whether Mrs. Leitch, who was a mere lienholder, was served with notice or not. The fact that Mrs. Leitch *subsequently* purchased the property at receiver's sale would not affect the result reached above; for she purchased subsequently to the proceedings instituted by the city to pave the street. We are therefore of the opinion that the court did not err in dissolving the temporary restraining order and refusing the injunction.      *Judgment affirmed. All the Justices concur.*