CITY OF MIAMI BEACH v. JOSEPH H. ADAMS.
CITY OF MIAMI BEACH v. JAMES F. MATHEWS.
CITY OF MIAMI BEACH v. LEE M. RUMSEY.

153 So. 85.
Opinion Filed February 27, 1934.

*B. R. Cisco,* for Appellant;

*Walsh, Beckham & Ellis,* for Joseph H. Adams, Appellee;

*H. P. Branning* and *Snedigar & Baya,* for James F. Mathews, Appellee;

*H. P. Branning* and *Cecil C. Curry,* for Lee M. Rumsey, Appellee.

DAVIS, C. J.—On December 26, 1929, complainants below in these several cases (which have been consolidated here for disposition on one hearing and with one opinion) filed their respective bills of complaint against the municipality of Miami Beach, for the purpose of cancelling certain local improvement assessment liens that the city had imposed on their properties, and to enjoin the City of Miami Beach from enforcing and collecting the same. Issues were joined on answers interposed to the several bills. Two separate masters in chancery made identical findings in favor of complainants with reference to the same issues. On final hearings, decrees were rendered granting complainants below the relief prayed for. The appeals are prosecuted by the city from such final decrees.

Upon consideration of the three cases before us, we find it unnecessary to go further than to decide whether or not it was properly decreed by the chancellor below that the

local improvement liens here brought in controversy were null and void in their entirety, because not sustained in law by any appropriate invocation or carrying into execution of the powers conferred upon the City of Miami Beach by Sub-section R, Section 5, Chapter 10845, Acts of 1925, Laws of Florida (Miami Beach Charter Act).

Our holding is that the repaving and widening of a transverse roadway which at the time was no part of the general system of city streets that were occupied and maintained for the public's free and unobstructed use and travel, but was merely a viatic roadway laid across an island, and as such designed and intended principally as a connecting link of travel from one segment of a private franchise toll bridge to another segment of the same bridge, is not a "highway" improvement within the purview of "Class 1" of the character of local improvements that are specifically described and authorized to be made under Section 29 of Chapter 7672, Acts of 1917, Laws of. Florida, as amended by Section 5 of said Chapter 10845, Acts of 1925; hence, the special assessments here attacked were void.

Whether or not the Legislature could have validly exercised power by an express enactment directly and in unmistakable terms authoring such a local improvement as is here involved, by providing for same to be made wholly at the expense of all the property owners on the island determined to be solely benefited thereby, considering the owners in the aggregate for the purpose of imposing the total improvement cost on the island property owners, is a question not arising in this case, since our conclusion is that the 1925 statute as written, was never intended to cover such a situation as this in its present terms. In consequence the statute's validity on that point is not required to be decided.

Where at the time the procedure is undertaken, there is a complete absence of statutory authority in a municipality to make an attempted special benefit assessment for a local highway improvement because the statute under which the municipality purports to act in accomplishing the improvement is not applicable to the situation with reference to which the city attempts to assess the cost, special assessment liens imposed by the municipality pursuant to such procedure are void *ab initio* and should be so decreed in appropriate proceedings, notwithstanding the fact that the improvement attempted to be made at the expense of abutting property owners has been actually completed at the city's expense in the belief that special assessments therefor against property owners could be validly entered, and notwithstanding the work was done without protest or objection of any of the supposedly specially benefited property owners. No estoppel can supply the total absence of statutory authority to act in such cases.

Decrees in each case affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.