165 So. 817

### CITY OF BIRMINGHAM v. ALABAMA HOME BUILDING & LOAN ASS'N.

#### 6 Div. 825.

Supreme Court of Alabama.

Jan. 16, 1936.

Rehearing Denied March 5, 1936.

W. J. Wynn and Jas. H. Willis, both of Birmingham, for appellant.

Benners, Burr, McKamy & Forman, of Birmingham, for appellee.

Richard D. Gilliam, Jr., of Birmingham, amicus curiæ.

BOULDIN, Justice.

Statutory bill to quiet title to real estate. The end in view was to test the validity of local assssments on abutting property for street improvements under proceedings by the city of Birmingham.

The cause was tried on an agreed statement of facts.

The controlling facts, briefly stated, are these:

On and prior to February 8, 1930, Maude H. Spangler was the owner and in possession (subject to mortgage hereafter mentioned) of a parcel of land known as the south half of block 34, Walker Land Company's addition to Birmingham. This lot or parcel measured some 637 feet in length, east and west, and some 330 in width, north and south.

On February 8, 1930, the city of Birmingham acquired a warranty deed from Maude H. Spangler and her husband, Charles W. Spangler, conveying "for street purposes only," a strip 60 feet in width, accurately described, running east and west, through the central part of such lot, thus leaving a lot abutting south and another abutting north on the proposed street.

On November 25, 1930, the city commission by ordinance established the street grade over this and connected sectors as part of Green Springs avenue; such grades being shown by profiles theretofore made by the city engineer.

On November 25, 1930, an initial improvement ordinance was passed for the improvement of such avenue and connecting streets. Improvements consisted of grading, paving, and guttering.

On December 30, 1930, the day fixed in the initial ordinance, duly published, and after hearing protests, the confirming ordinance was passed.

The improvements were contracted, constructed, completed, accepted, and the street opened to public travel about August 31, 1931, and has so continued to the present.

Assessment proceedings in all respects as provided by law were begun November 30, 1931, and assessments made final December 22, 1931.

The assessment against the Spangler lot abutting the improvement on the south was $3,245.32, and against that on the north $2,771.58. These assessments have not been paid.

Complainant, Alabama Home Building & Loan Association, held a mortgage on this Spangler property, executed in 1928, and duly recorded prior to the deed from the Spanglers to the city of Birmingham. No proceedings by purchase or condemnation were had to obtain the right of way as against the mortgagee. While chargeable with constructive notice by record of the mortgage, the city commission had no knowledge in fact of such mortgage until 1933, shortly before this bill was filed. The mortgage was not in default when the deed was made to the city. The grantors were still in possession of the abutting lots when the assessments were made. Thereafter, on September 28, 1932, the mortgage indebtedness being in default, the mortgagee foreclosed same under the power of sale and became the purchaser at and for the sum of $1,750.

The respondent, city of Birmingham, after statutory answer setting up its claim to assessment liens in detail, conceded it is due to pay just compensation to the mortgagee for the value of the strip of land taken for public use, with interest thereon from the date it was so appropriated; made its answer a cross-bill, praying for the ascertainment of the amount of such just compensation, and offering to do equity.

The trial court decreed the city has no right, title, or interest in, nor incumbrance

upon, the tract or parcel of land, and quieted title in complainant; but as a condition to such relief, further decreed (complainant consenting in open court) that an easement for street purposes in such 60-foot strip be divested out of complainant and vested in respondent.

The theory of the bill is that because the right of way was incumbered by complainant's mortgage at the time the improvements were made and assessment proceedings had, no just compensation having been ascertained by agreement or by condemnation proceedings and paid before the taking, the entire assessment proceedings were null and void, subject to collateral attack.

Reliance is had on the sound rule generally declared, that where there is no street, there can be no valid assessment of abutting property for street improvements. This upon the basic principle that local assessments are limited to increased value by reason of the special benefits arising from such improvement, and obviously no such benefits can accrue if there be no street. Accordingly, it has been widely held that if no street is lawfully established, the improvements being made on private property in which no easement for street purposes is acquired before or contemporaneous with such improvement and assessment proceedings, no lawful assessments can be made. City of Palmetto v. Katsch et al., 86 Fla. 506, 98 So. 352, par. 10; City of Miami Beach v. Adams, 114 Fla. 81, 153 So. 85; Granite Bituminous Paving Co. v. St. Louis & M. R. R. Co. et al., 331 Mo. 899, 55 S.W.(2d) 468; City of Springfield ex rel. v. Baxter, 180 Mo. App. 40, 165 S.W. 366; City of Springfield ex rel. Koch v. Eisenmayer (Mo.App.) 297 S.W. 460; Cahill v. Gill et al., 130 Md. 495, 100 A. 834; Allen v. City of Spokane, 108 Wash. 407, 184 P. 312; Pauls Valley Nat. Bank v. Foss, 99 Okl. 178, 226 P. 567; 44 C.J. pages 498, 499, §§ 2832, 2833; 4 McQuillin Municipal Corporations, § 1988.

Without here reviewing the cases in which such rule has been applied, the statutes under which they arose, or the contrary view stated in 44 Corpus Juris, page 499, and authorities there cited, we proceed to consider the question in the light of principles well settled in our own jurisprudence.

It is true that the mortgagor cannot by grant dedicate the mortgaged property to public use as against the mortgagee, thus impairing the security for the mortgage debt. The grantee, having constructive notice by record of the mortgage, is in like position, so far as the mere question of dedication goes.

Passing over any question of estoppel under our assessment statutes, we first consider the matter as though the title to the right of way was in a third person at the time these assessments were made. The mortgagee can stand in no higher position than an absolute owner.

While our Constitution requires just compensation to be paid before the taking of lands for public use, this right to advance payment may be waived and is waived if the owner permits the property to be actually taken, and large outlays to be made in making it available to public use. His right to just compensation persists. Because of this property right recognized in the Constitution, suit for just compensation may be brought in equity, and, if necessary to obtain just compensation, injunctive relief may be had. This is the rule in cases of railroads and other public utilities operated for private profit. City of Birmingham v. Smyer, 230 Ala. 234, 160 So. 764; Tombigbee Valley R. R. Co. v. Loper, 184 Ala. 343, 63 So. 1006; Cowan v. Southern Railway Co., 118 Ala. 554, 23 So. 754; Jones et al. v. Southern Ry. Co., 162 Ala. 540, 50 So. 380; First National Bank of Gadsden v. Thompson et al., 116 Ala. 166, 22 So. 668; Thornton v. Sheffield & Birmingham R. R. Co., 84 Ala. 109, 4 So. 197, 5 Am.St.Rep. 337; Jones v. New Orleans & Selma Railroad Co., etc., 70 Ala. 227; 20 C.J. p. 1179, § 541.

Whether injunctive relief can be had to close a public street where the rights of the public have become involved, as well as the rights of others whose abutting property has been assessed for benefits derived from the street improvement as a whole, may well be questioned. This case does not involve such inquiry, and no decision thereon is here made.

It is not claimed or pretended that at the time this street was improved, opened to the public, and assessments made, there was any necessity for an injunction to coerce payment of just compensation by the city of Birmingham.

Some cases have held that, if the street may be closed by the property owner, or abandoned and discontinued by the city,

562

for want of a right of way, the assessment is invalid. This, because there is no certainty of continuing benefits enhancing the value of abutting property.

It is true that in condemnation proceedings to acquire property for public use, after the just compensation is ascertained, the condemner may elect not to take the property, and decline to pay the compensation so fixed. But no argument would seem to be necessary to demonstrate that such rule has no application here.

 Having acquired the right of way by grant as against all the world save the mortgagee, having by municipal action fixed the grade of the street, improved it at public expense, opened it to public travel, and assessed the costs against abutting property because of benefits derived from its improvement as a public street, the city of Birmingham had no legal right to abandon and permit the closing of this street, as against abutting owners or others having rights to be protected. The assessment of the abutting property was a definite committal of the city to this complainant to keep open and maintain a public street, and to pay the just compensation due complainant.

It follows a street was established, a permanent street, which neither the city nor the complainant, under the facts here disclosed, had any lawful right to close.

Complainant has reaped, and will continue to reap, all the benefits of the increased value by reason of such improvement. Assessments being limited to the increased value therefrom, the mortgage security is not depleted by such improvements. The mortgagee has due process of law in fixing such assessments, just as any other claimant. City of Birmingham v. Emond, 229 Ala. 346, 157 So. 64; United States Bond & Mortgage Co. v. City of Birmingham, 229 Ala. 536, 158 So. 751.

Indeed, the decree appealed from recognized the right of the city to an easement for street purposes, vested same in the city without compensation, requiring complainant's consent, as a condition to cancellation of the assessment liens. This was manifestly inequitable unless the just compensation due on the one hand and the local assessments due on the other were substantially equal. As to this nothing appears in the agreed statement of facts.

Admittedly, the assessment proceedings were regular and imposed valid liens on this abutting property, unless the whole proceedings were void because complainant had a mortgage on the right of way, and no proceedings by condemnation were had to ascertain and pay the just compensation.

For reasons above shown, we hold a public street was established, existed when these assessments were made, conferring all the benefits for which assessments are lawfully made; that the sole right of this complainant is to just compensation, which the city offers to pay, when ascertained.

The decree is reversed, and the cause remanded for the entry of the statutory decree declaring the respondent has valid liens on these lots severally for the amount of the assessments thereon. Relief should also be granted on respondent's cross-bill ascertaining the just compensation due cross-respondent, which, if not voluntarily paid, shall be enforceable as other judgments for the payment of money.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.