J. Ryan Prestwood, Paula Prestwood, John Pittari, Kathleen Pittari, Rachel McGhee, Michael Robinson, and Patricia Robinson, all of whom are residents of the Hickory Woods Estates subdivision located in the City of Auburn (collectively, "the plaintiffs"), appeal from the Lee Circuit Court's entry of a summary judgment in favor of the defendants Rae T. Weissinger and Charles Weissinger. We affirm.
John Williams and Beth Williams owned certain real property in the City of Auburn that they intended to develop into a single-family subdivision to be named Hickory Woods Estates. On February 23, 1987, the Williamses gave a mortgage on that property to Farmers National Bank. On December 11, 1987, the Williamses gave another mortgage on the property to Farmers National Bank.
In December 1987, the Planning Commission of the City of Auburn ("the Planning Commission") approved a plat for Phase I of the Hickory Woods Estates subdivision, which consisted of lots for 54 single-family residences. The plat, which was recorded on December 23, 1987, contained the following notation: "Parcel-A, Parcel-B, buffer yards, drainage ways, sanitary sewer easements, drainage easements, utility easements and floodways are designated as open space and shall be *Page 460 
accessible to all fee simple lots in this subdivision and shall be maintained by the owner of the real property as shown on this plat." (Referred to hereinafter as "the Notation.") Also recorded was a "Declaration of Covenants, Conditions and Restrictions of Hickory Woods Estates," which does not specifically refer to Parcel A, Parcel B, or any common areas or open spaces within the subdivision.
In 1988, John Williams had Parcel A replatted to include seven new lots. However, he neither recorded this new plat nor began developing any of the new lots on Parcel A. Thereafter, John Williams committed suicide and Farmers National Bank foreclosed on its mortgage. On June 15, 1989, Farmers National Bank purchased the property, including Parcel A, at its foreclosure sale.
On February 12, 1999, Rae Weissinger purchased Parcel A from Farmers National Bank. In June 2000, she submitted an application to the Planning Commission for approval of the development of seven lots on Parcel A. After the Planning Commission denied her application, she resubmitted her application, which the Planning Commission again denied. Thereafter, she petitioned the Lee Circuit Court for a writ of mandamus directing the Planning Commission to approve her application to develop Parcel A. The court granted her petition and issued the requested writ. None of the plaintiffs in the present case was a party to that proceeding. In December 2003, preliminary site work began on Parcel A for its development according to the approved plat.
On December 17, 2003, the plaintiffs filed this action, naming as defendants Rae T. Weissinger and Charles Weissinger and seeking an injunction against the development of Parcel A and a declaration that the Notation constitutes a covenant running with the land. In an amended complaint, the plaintiffs expanded the relief sought to include an alternative request that the court declare that the Notation created an easement in favor of the plaintiffs. On the same day that the plaintiffs filed their complaint, the circuit court issued a preliminary injunction prohibiting the Weissingers or anyone associated with them from further developing Parcel A until the resolution of the litigation.
In a motion to dismiss, the Weissingers argued that all of the individuals residing in Hickory Woods Estates were necessary parties under Rule 19, Ala. R. Civ. P., because all of those residents shared an interest in the resolution of the litigation. o avoid being subjected to multiple law-suits over the same issue, the Weissingers argued, all of the residents should be made parties to the litigation. The court subsequently ordered that all of the residents be made parties to the action, aligning them as plaintiffs.
On May 28, 2004, after the parties had engaged in discovery, the Weissingers moved the court to enter a summary judgment in their favor. They argued, among other things, that Farmers National Bank's June 1989 foreclosure of its mortgage extinguished any rights that may have vested in the plaintiffs by virtue of the Notation.
On July 27, 2004, the trial court granted the Weissingers' motion and entered a summary judgment in their favor. In its summary-judgment order, the court stated:
 "There are several issues before the Court as to the effect and validity of the [Notation] on the plat. In the opinion of the Court, the dispositive issue is whether the mortgage foreclosure extinguished [any] rights that may have been created by the [Notation]. *Page 461 
 "The Court finds that the foreclosure effectively extinguished any rights of subdivision lot owners in interest created by the [Notation] on the subdivision plat."
The plaintiffs appealed to the Supreme Court of Alabama; that Court transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
The plaintiffs contend that the trial court erred when it held that Farmers National Bank's foreclosure of its mortgage on the property on which the Hickory Hills Estates subdivision was developed extinguished their rights in Parcel A because, they say, the Notation constitutes either (1) a public dedication of that parcel or (2) a restrictive covenant that runs with the land. They support these arguments by citing cases and statutes that, according to them, demonstrate that the Notation on the plat, in conjunction with its recording, met all of the requisites necessary to act as a dedication of Parcel A to the public or created a restrictive covenant that prevents the Weissingers from developing Parcel A.
The Weissingers respond by arguing that, regardless of the nature of any purported conveyance of an interest in Parcel A, whether it be a dedication, a restrictive covenant, or an easement, the conveyance was made subject to Farmers National Bank's mortgage, and, upon foreclosure of the mortgage, was cut off. Thus, according to the Weissingers, the plaintiffs' analysis with regard to the nature of the alleged conveyance "is wholly irrelevant to the dispositive issue before this Court," i.e., whether the plaintiffs' interest in Parcel A, regardless of its nature, was eliminated by the foreclosure of the mortgage.
The Weissingers argue, and the plaintiffs do not dispute, that any interest that the plaintiffs may have had in Parcel A arose subsequent to Farmers National Bank's mortgage because the plat on which the Notation was included was not recorded until after the mortgage was recorded. Arguing that the plaintiffs' purported interest in Parcel A arose subsequent to Farmers National Bank's mortgage resulted in the elimination of the plaintiffs' interest at foreclosure, the Weissingers quote the following passage from Bailey Mortgage Co. v. Gobble-FiteLumber Co., 565 So.2d 138, 144 (Ala. 1990): "If foreclosure of a valid mortgage is properly conducted, all interests arising after the time the senior mortgage was created and all subordinate interests will be cut off unless the junior lienors redeem during the specified time period provided by statute."
We agree with the Weissingers that Bailey Mortgage Co.
provides the general rule of law in Alabama with regard to interests in a particular parcel of land that arise after the owner of the land has mortgaged it.[1] Furthermore, we note that the appellate courts of this state have applied this general rule specifically in the context of easements that arise and dedications that occur subsequent to the granting of a mortgage. See, e.g., Alabama Historical Comm'n v. City ofBirmingham, 769 So.2d 317, 320 (Ala.Civ.App. 2000) ("In Alabama, *Page 462 
the general rule is that the foreclosure of a mortgage terminates an easement that is recorded after the mortgage, subject only to the junior easement holder's right to redeem under § 6-5-248, Ala. Code 1975."); City of Birmingham v.Alabama Home Building Loan Ass'n, 231 Ala. 558, 561,165 So. 817, 818 (1936) (noting that a "mortgagor cannot by grant dedicate the mortgaged property to public use as against the mortgagee, thus impairing the security for the mortgage debt"). We have no reservations about applying this general rule to cover the Notation on the December 23, 1987, plat at issue here.
The trial court found, in keeping with the general rule discussed above, that whatever interest the plaintiffs had in Parcel A was eliminated by the foreclosure of the mortgage. Thus, it was incumbent on the plaintiffs to demonstrate the inapplicability of the general rule to this case, with citations to legal authority as required by Rule 28(a)(10), Ala. R.App. P. Instead of making such a demonstration, however, the plaintiffs focus their legal argument, including their citations of authority, on the exact nature of their purported interest in Parcel A, failing to rebut the actual basis for the trial court's judgment that any interest that the plaintiffs had in Parcel A, regardless of its nature, was terminated by the foreclosure. As a result, their arguments are unavailing.[2]
The plaintiffs also contend that to allow the Weissingers to develop Parcel A would violate public policy. They argue that the logical extreme of the trial court's ruling is that the entire plat is invalid, in spite of the fact that Farmers National Bank never treated the plat as invalid. They assert that the trial court's ruling results in "a host of innocent purchasers for value . . . who relied upon a perfectly valid [p]lat filed of record in the [p]robate [c]ourt, now hav[ing] their rights cut off."
The plaintiffs' argument ignores the principle underlying the general rule that after-acquired interests are subject to the rights of the holder of a properly recorded, valid mortgage. Those who acquire an interest in real property are put on constructive notice by our system of recordation of previously filed interests in the same property. See Haines v.Tonning, 579 So.2d 1308, 1310 (Ala. 1991) (holding that the proper recording of an instrument relating to an interest in real property constitutes constructive notice "to all the world" of the contents of the instrument). Accordingly, the plaintiffs were on constructive notice of the fact that the mortgagee in this case took an interest in the property prior to, and therefore superior to, any restriction created by the plat in question.[3] *Page 463 
In addition, the plaintiffs do not support their public-policy contention with any legal authority. For this reason, we will not further address their argument. See Rule 28(a)(10), Ala. R.App. P.; City of Birmingham v. Business Realty Inv.Co., 722 So.2d 747, 752 (Ala. 1998).
Similarly, in alluding to then-deeds, the plaintiffs suggest that if the Weissingers prevail, the Weissingers and Farmers National Bank will have perpetrated a "legal fraud on the plaintiffs because they did not convey that which they said they were conveying; i.e. the lots subject to the restrictions and other covenants of record." The plaintiffs made no such claims against the Weissingers or the bank in the trial court, and therefore such claims are not properly before us on appeal.See Andrews v. Merritt Oil Co., 612 So.2d 409, 410
(Ala. 1992).[4]
For the foregoing reasons, we affirm the trial court's judgment.
AFFIRMED.
CRAWLEY, P.J., and THOMPSON and PITTMAN, JJ., concur.
BRYAN, J., concurs in the result, without writing.
[1] In fact, this court has previously relied on BaileyMortgage Co. for the proposition encapsulated in the quote set forth above. See Cameron v. Meadowbrook Group,730 So.2d 234, 235 (Ala.Civ.App. 1999).
Separately, we note, but find no merit in, the plaintiffs' argument that the Weissingers' reliance on Bailey MortgageCo. is misplaced. Put simply, that the facts in that case are distinguishable from those in the present case does not lead us to conclude that the general proposition of law recited therein (that the foreclosure of a senior mortgage cuts off all junior interests in the mortgaged property) has no application here.
[2] The only case to which the plaintiffs cite that involved the foreclosure of a mortgage, Gaston v. Ames,514 So.2d 877 (Ala. 1987), is distinguishable from the present case for two reasons. First, in Gaston, the mortgagee joined in the execution and recordation of the plat at issue, such that it, along with the mortgagor, dedicated the roads at issue to the public. Gaston, 514 So.2d at 878. There is no evidence in the present case indicating that Farmers National Bank joined in or otherwise assented to the recordation of the Hickory Woods Estates plat at issue. Second, unlike the present case, there was no issue in Gaston, before either the trial court or the Supreme Court, regarding the effect of the foreclosure of the mortgage on the dedication. Id.
Thus, Gaston does not provide an appropriate basis on which we could find that the trial court in the present case erred when it applied the general rule that the foreclosure of a mortgage extinguishes junior interests in the land.
[3] Concomitantly, we recognize the existence of countervailing policy concerns that support the trial court's judgment. For example, a rule allowing a mortgagor to transfer interests in property that it previously has mortgaged could deprive the mortgagee of the security it required from the mortgagor, and would allow subsequent transferees of the property from the mortgagor to take an interest in the property that exceeds that which the mortgagor retained. Such a rule would jeopardize the value of mortgages to lenders who, in making loans, rely on stability in the nature and extent of the property interests in which they receive a mortgage as security for their borrowers' repayment obligations.
[4] The plaintiffs do not argue on appeal that the Weissingers are estopped to question the efficacy of the plat.